## Furman *v.* Standard P. Steel Co. et al., Appellant.

Argued September 26, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Webster Jones,* for appellant.

*Edwin Fischer,* for appellee.

OPINION BY KELLER, J., December 16, 1933:

David Furman, the claimant, on February 25, 1927, while in the course of his employment with the defendant, Standard Pressed Steel Company, was hurt in an accident, and a part of the bone and some of the flesh of his left forearm were gouged out. He returned to work on June 17, 1927. His wages being lower than what they had been prior to the accident, the claimant and the defendant executed a compensation agreement for partial disability based on the difference between the claimant's wages before and after the accident, under which he was to receive $3.30 per week. This was paid him from September 5, 1927 to October 24, 1927.

On or about October 24, 1927 the claimant's wages had increased so that they were more than what he

had earned prior to the accident and thereupon the employer told him that it would pay him no more compensation and tendered a final receipt, which he refused to sign. He continued to work until May 5, 1932, or for four and one-half years after he refused to sign the final receipt. He was then laid off on account of the depression.

On July 8, 1932 claimant filed a petition with the Workmen's Compensation Board to modify and review the above-mentioned compensation agreement averring that he had suffered permanent partial loss of earning power and that the agreement did not fully cover the injuries sustained by him. After a hearing, the referee refused to modify or increase the compensation, but held it was still in force and ordered compensation to continue at the rate of $3.30 per week, the amount provided under the agreement. Both parties appealed from the decision of the referee. The board sustained the referee, and both parties appealed from the decision of the board to the lower court, which sustained the board and entered judgment in favor of the claimant. The insurance carrier has appealed. The claimant has not appealed.

The appellant takes the position that because the employer notified the claimant that it would not pay him any more compensation, and tendered him a final receipt, the compensation agreement was to all intents and purposes ended, but such a result does not legally follow. If the employer was entitled to have the compensation agreement terminated and the employee refused to give a final receipt, it could present its petition to the board asking to have the agreement terminated, and the action of the board unappealed from would be binding on both parties. Until it did so the agreement was only in abeyance, not ended.

The employer at the time was under the impression that because by a raise of wages, and subsequently by

working for two employers, the claimant made as much money as, or more than, before he was hurt it furnished proof positive that he had suffered no disability, but, as we pointed out in Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, 99, loss of earning power is not measured wholly by the difference between one's wages before and after the accident. During the period from 1925 to 1927 wages generally were on the increase and the fact that the claimant's wages were increased so that they amounted to as much as, or more than, he got before the accident was no criterion that his earning power had not been affected. He has an arm from which a part of the bone has been removed and it is to some extent withered or atrophied. The injury is permanent and, while it does not totally disable him, it would sustain a finding that he has a permanent partial disability.

The referee's findings are in some respects contradictory. He stated that the claimant had demonstrated that his earning power was not impaired as a result of the accident, apparently because the wages he received were as much afterwards as before, but that is not the test. He later explained this by saying: "It is true that this man was able to earn in work as much money as prior to his accident but it is nevertheless a fact that the man's arm is forever weakened, that his gripping power in the hand is forever weakened, as a result of the accident and the claimant is entitled to compensation for this condition because it might not be possible he would find the type of work he was doing at the time of the injury."

The appellant argues, however, that under the Act of April 13, 1927, P. L. 186, 194, the claimant is not entitled to recover anything because he did not present his petition to review the agreement within one year after the last payment of compensation. This would be correct if the employer had legally proceeded to

have the agreement terminated and had secured an order of the Workmen's Compensation Board to that effect, but the limitation in the Act of 1927 has no application to an agreement that is in force. The mere fact that the employer is not making payments under it does not render it terminated. The court below correctly construed the law when, in referring to the limitation in the Act of 1927, it said: "In our opinion this does not apply to claimant, because the agreement he relies upon was for an indefinite period, and there has been no 'last payment' upon it, unless the payment made on October 27, 1927, was a 'last payment,' and it was only so because the defendant did not keep its agreement. There was, in fact, no review necessary to keep the agreement alive. Defendant lays stress upon the words in the proviso to the Act of 1927, 'with or without an agreement.' We understand the proviso to mean that a 'last payment of compensation, *with* an agreement' refers to cases where an agreement has been formally terminated, and a subsequent new situation calls for review. In such a case the petition must be made within the time limited. The phrase 'last payment of compensation *without* an agreement' speaks for itself. The instant case falls in neither category. There is an existing agreement, upon which there has been no last payment."

The law does not contemplate that an employer can terminate an agreement simply by refusing to pay under it, or that at the end of a year after such refusal the employe's rights are gone. If just cause for terminating the agreement exists, the Act supplies a remedy to the employer in case of the unreasonable refusal of the workman to sign a final receipt, but it does not make the employer both litigant and judge. So long as he has taken no step to terminate the agreement it remains in force even though he has discontinued payments under it, and when, as here,

just grounds for its continuance appear the board can, on the petition of the claimant, order it to be fulfilled and carried out; and it may do this even though the claimant's petition asked for a review and increase of compensation rather than its enforcement.

The assignments of error are overruled and the judgment is affirmed.