## Zimmer *v.* Closky (et al., Appellant).

Argued April 22, 1936.

Before KELLER, P: J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *George Y. Meyer* and *L. A. Munnink,* for appellant.

*Maurice L. Kessler* and *Joseph Rosenfarb,* for appellee, were not heard.

OPINION BY KELLER, P. J., July 10, 1936:

The printed record filed in this appeal does not sufficiently present the relevant material facts in the case. We have, however, consulted the original record which supplies the deficiencies.

Bernard Zimmer, claiming to have been accidentally injured while in the course of his employment with defendant, Closky, filed a petition for compensation with the Workmen's Compensation Board. The referee made an open award of compensation, and on appeal to the Board, the award was sustained. Defendant then appealed to the court of common pleas, which on June 18, 1935 dismissed the appeal and affirmed the award of the referee and the Board and entered judgment in claimant's favor for $1,671.32 covering compensation payments and accrued interest to that date.[1] On June 26, 1935 the defendants paid the amount due to June 18, 1935.

No further payments under the award, which was still in force, were made by the defendant or his insurance carrier, nor were any steps taken by them or either of them to terminate or modify the award by October 1, 1935, and on that date claimant had the amount then due him liquidated into judgment, under section 428 of the Act as amended in 1919, P. L. 642, pp. 666, 667, for $225, fifteen weeks (from June 18, 1935 to October 1, 1935) at $15 per week, the weekly award of compensation.

On October 23, 1935 the defendant and his insurance carrier presented a petition to the court of common pleas asking that the judgment be opened and the petitioners allowed to defend. The ground set up for this action was that on October 7, 1935 they had presented a petition to the Workmen's Compensation Board

---

[1] See opinion of Judge CUNNINGHAM filed this day in Graham v. Hillman Coal & Coke Co., 122 Pa. Superior Ct. 579, 186 A. 400, as to the judgment to be entered in compensation cases.

to terminate the award, which had been referred to a referee and would shortly come up for a hearing.

The court granted a rule to show cause which it subsequently discharged. Defendants appealed to this court.

We find no abuse of discretion by the court in refusing to open the judgment.

The Workmen's Compensation Act contemplates prompt and regular payment by the defendant and his insurance carrier of the weekly instalments of compensation awarded by the Board. They are intended as a substitute for wages. These payments, especially after the matter has been litigated and determined, and an open award of compensation has been sustained by the court, are due and payable, regularly and as of course, until steps are taken to terminate or modify the award. The defendant cannot arbitrarily withhold payment for a long period, and then after judgment has been liquidated on the award, escape payment of the compensation due up to the time the award was thus liquidated, by a proceeding to terminate followed by a petition to open the judgment. Under the law [2] the filing of a petition to terminate an award acts as a supersedeas as to further payments of compensation under the award—or so much thereof as is contested—until the proceeding is determined, but it does not *require* the court to stay and open a liquidated *judgment* on the award entered before the petition to terminate was filed. Employers and insurance carriers should not be encouraged to play fast and loose with an injured employee in this manner. See Furman v. Standard Pressed Steel Co., 111 Pa. Superior Ct. 44, 48, 169 A. 243.

The order is affirmed.

[2] Sec. 413 Workmen's Compensation Act of 1915, P. L. 736, as amended by Act of June 26, 1919, P. L. 642, p. 661.