## Pooler, Appellant, *v.* Grasselli Chemical Company.

Argued October 1, 1940.

554

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Maurice Freedman*, with him *James P. McGranery* and *James F. Masterson*, for appellant.

*Carl E. Geuther*, for appellee.

OPINION BY BALDRIGE, J., December 11, 1940:

This appeal in a workmen's compensation case is from a decree of the court below striking off a judgment entered for claimant under an open agreement. The reason assigned by the learned court for its action was that the agreement had apparently been executed less than ten days after the alleged injury in violation of section 407 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS § 731.

We concur with the conclusion that the judgment is invalid, but for a different reason, which we will state later, than that assigned by the court of common pleas. A brief reference to the facts will be made first.

The claimant was injured August 28, 1935, when he fell from a ladder and sustained a fracture of both bones of the lower right ankle. The agreement, dated September 5, 1935, provided for payments of $15 per week, evidently on a basis of total disability and was

approved by the Workmen's Compensation Bureau. Compensation totalling $214.28 was paid claimant under the agreement until December 8, 1935, when he returned to his employment in which he continued until March 27, 1938.

On June 23, 1939, judgment was entered in favor of claimant and against defendant in the court of common pleas in the following form: "Certified copy of compensation agreement dated September 5, 1935, for the sum of $15 payable bi-weekly beginning September 4, 1935 and all medical and hospital expense in favor of plaintiff and against defendant."

Defendant petitioned to strike off the judgment, alleging that it was improperly entered as the agreement was executed within ten days of the date of the accident in violation of section 407 and that it was for no specific period. We are of the opinion that the defendant, as it recognized the validity of the agreement voluntarily entered into by making payments thereunder for a period of six months, is not now in a position to successfully attack it on the ground that it was signed within the ten day limitation.

The more serious obstacle that faces appellant is that the judgment in this case was not entered in accordance with section 428 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by section 6 of the Act of June 26, 1919, P. L. 642, 77 PS 921, which provides that where a compensation agreement has been entered into the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the board approving the same, with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the *total amount* of compensation stated in the agreement.

In *Graham v. Hillman Coal & Coke Company,* 122 Pa. Superior Ct. 579, 186 A. 400, Judge CUNNINGHAM speaking for the court very clearly pointed out the

manner in which judgments should be entered by the court of common pleas upon an award under section 427 and there stated that similar provision was made under section 428 of the act for the entry of judgments by the prothonotary upon awards or *agreements* in uncontested cases.

We stated in *Zygmunt v. Copperweld Steel Company et al.*, 128 Pa. Superior Ct. 109, 116, 193 A. 350: "Provision is made in section 6 of the amendatory Act of 1919, supra, (P. L. 666) 77 PS § 921, for the filing of a certified copy of a compensation agreement, or of an award, with the prothonotary of the court of common pleas of the county and the entry by him of a judgment *for the total amount of compensation payable thereunder* 'whether then due and accrued or payable in future instalments.' " (Italics supplied.) See, also the following cases dealing generally with the method of entering judgment on awards or agreements in compensation cases: *Gardner v. Pressed Steel Car Co.*, 122 Pa. Superior Ct. 592, 186 A. 410; *Kessler v. North Side Packing Co.*, 122 Pa. Superior Ct. 565, 186 A. 404.

As this judgment was for no definite amount, it was not entered in accordance with the provisions of section 428, supra, and in this improper form was void on its face.

Claimant's rights, if any, under the agreement as it now stands, must be pursued before the compensation authorities. See *Furnam v. Standard P. Steel Co. et al.*, 111 Pa. Superior Ct. 44, 169 A. 243.

The order of the court below is affirmed.