## Angelaccio *v.* Kaiser Fleetwings, Inc. et al., Appellants.

Argued December 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alexander F. Barbieri,* with him *Barbieri and Sheer,* for appellants.

*Allen T. Newman,* with him *Klovsky and Kuby,* for appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

Appellee-claimant, having received an injury to his hand on June 15, 1961 in the course of his employment as a die setter, entered into an open compensation agreement with his employer, Kaiser Fleetwings, Inc., and its insurance carrier, Lumbermens Mutual Casualty Company, appellants, for an indeterminate period of time at $42.50 per week on the basis of total disability. The Workmen's Compensation Board approved the agreement on August 10, 1961. Payments totaling $1,408.57 were made under it until February 2, 1962, when they were stopped because of his return to work

at Kaiser as a janitor at the same wage he had earned previously as a die setter.

At or about the time he returned to work he was asked by appellants to sign a supplemental agreement suspending his compensation payments. He did not sign it, and after several months of negotiation with appellants he returned it to them unsigned on June 4, 1962.

On June 12, 1962 claimant, through his counsel filed a copy of his original agreement with the prothonotary of the Common Pleas Court No. 7 of Philadelphia County and directed him to enter judgment thereon for $30,000 less $1,408.57, the amount of compensation received by him up until February 2, 1962. This action was intended to be pursuant to section 428 of the Workmen's Compensation Law, as amended. Act of December 28, 1959, P. L. 2034, §6, 77 P.S. 921(PP). The praecipe to the prothonotary recited that, "The last payment was made to him as of February 2, 1962", although it did not expressly state that appellants were in default thereafter.

On June 19, 1962, appellants filed with the Workmen's Compensation Board a petition for termination or modification of the agreement, averring February 2, 1962 to be the date of termination of its obligation to pay compensation thereunder; and on June 20, 1962, they petitioned the court to strike off the judgment or in the alternative to open it, and for a supersedeas. Claimant answered the rule to show cause issued on this petition, and after argument the lower court refused to strike the judgment or allow a supersedeas but ordered the judgment opened except as to $661.44 which "shall remain in effect and not be opened".

The petition to strike the judgment was based on two reasons: (a) the judgment for $30,000 less payments was the amount specified in section 428 for total and permanent disability—whereas the agreement

was indeterminate; (b) no default under the agreement had occurred, and no default had been averred.

The petition to open was based on the facts relied on in support of the petition filed the day before with the Workmen's Compensation Board for termination or modification of the agreement.

It seems clear that by section 428 of the act, as amended, the Legislature intended claimants with approved agreements and unappealed awards to have judgments thereon for the entire amounts payable thereunder, subject to the conditions set forth in *Graham v. Hillman Coal & Coke Company*, 122 Pa. Superior Ct. 579, 186 A. 400, after payments due thereunder became more than thirty days in default. Such agreements and awards include those with no fixed limits in duration (except as prescribed by the statute). *Pooler v. Grasselli Chemical Company*, 142 Pa. Superior Ct. 553, 16 A. 2d 655 (wherein a judgment on an open agreement was stricken off because not entered for a definite amount) ; *Shay v. North Side Bank and Trust Company*, 132 Pa. Superior Ct. 53, 200 A. 302; *Zygmunt v. Copperweld Steel Company*, 128 Pa. Superior Ct. 109, 193 A. 350; *Graham v. Hillman Coal & Coke Company*, supra.

Although the statement in the praecipe that payments had not been made for over four months might ordinarily satisfy the condition imposed by the statute, we do not think it does so in the present case wherein the default is admittedly in dispute. That issue is one that must be resolved by the compensation authorities since it involves a complex factual situation concerning claimant's changed status.

However, rather than resolve this matter solely on the issue of default we shall consider the further question of whether the judgment should have been stricken, opened partially, as was done, entirely, or not at all. We have no difficulty in concluding that the lower

court inadvertently erred in permitting $661.44 of the judgment, purporting to be the unpaid compensation which had accrued under the agreement from February 2, 1962 until the date of entry of the judgment, to remain as a liquidated amount free of the conditions referred to in the *Graham* case, supra, and subject to immediate execution. Judgments of this nature are subject to modification, termination, suspension, etc., *by the board,* not the court, as of the date upon which it is shown the disability of the employe had changed. This time may predate the judgment. Furthermore, there is no authority in section 428 for the entry of a judgment for part of the payments. Section 428 provides for entry of judgment for the total amount provided for in the agreement or award whether due or payable in the future.

The court below and the claimant rely on *Zimmer v. Closky,* 122 Pa. Superior Ct. 142, 186 A. 403, and *Furman v. Standard P. Steel Co.,* 111 Pa. Superior Ct. 44, 169 A. 243, to support the partial judgment for the accrued payments and for its refusal of a supersedeas.

The *Furman* case lends no support. It merely holds that an employer cannot terminate an agreement simply by refusing to pay under it, ". . . and when, as here, just grounds for its continuance appear the board can, on the petition of the claimant, order it to be fulfilled and carried out; . . ." (Pages 48, 49).

The *Zimmer* case is distinguishable for two important reasons. It was decided partially on the basis that bad faith on the part of the employer had led to a great delay in that claimant securing his benefits. We observe no bad faith on the part of the present appellants, and no delaying tactics on their part. When claimant returned to work on February 2, they promptly prepared and submitted to him a supplemental agreement for his signature, and on his refusal to sign it, continued negotiations with him for several months. He

held this agreement without coming to a decision concerning it until June 4, when he returned it to appellants, unsigned. Secondly, the decision is authoritative for holding that the filing of a petition to terminate an award does not act as a supersedeas for payments due under a liquidated judgment entered after litigation, but not to one entered without litigation. In that case judgment had been entered after the claim had been litigated through the compensation authorities as well as the court. On affirmance by the court the judgment was entered only for the accrued payments from the time of the accident, whereas, on the authority of *Graham v. Hillman Coal & Coke Company,* supra, which case is referred to in the *Zimmer* case and *Kessler v. North Side Packing Company,* 122 Pa. Superior Ct. 565, 186 A. 404, the judgment should have been entered for the total amount that claimant would have been entitled to receive, whether accrued at the time of the judgment or payable thereafter. This was not done in the *Zimmer* case, and therefore the supplemental judgment was only part of what had previously been a finally adjudicated claim, subject, of course, to future change in the manner indicated in the *Graham* opinion. The present judgment, being predicated on an agreement, cannot be considered an adjudicated claim.

Since it is conceded by counsel for the claimant that the judgment as originally entered for total and permanent disability cannot be sustained since the claimant's remaining disability, if any, at the time the judgment was entered was only partial, which view was taken by the lower court, we need not consider the question whether or not the judgment as originally entered should be preserved in the form and amount of its original entry.

This leads us to the final consideration of whether or not the judgment should be opened fully or stricken

from the record. In *Pooler v. Grasselli Chemical Company,* supra, we struck off a judgment as not conforming to the requirements of section 428; and in *Zygmunt v. Copperweld Steel Company,* supra, the judgment was vacated as having been improvidently entered by the court below. The Court there said, "The way will then be open for the claimant, if necessary, to have a judgment entered upon the agreement by the prothonotary in the form prescribed by this court in Graham v. Hillman Coal and Coke Co., . . . and Kessler v. North Side Packing Co., . . ." We think that would be the better practice in the present case. This judgment was entered on the basis of total and permanent disability, whereas it is admitted that the disability was only partial; the agreement does not provide for any degree of partial disability as to justify a judgment on that basis; the court had no power to resolve the issue of remaining disability after February 2, 1962; and the issue of default has not been resolved. Therefore we think it would be better practice to strike it off. If necessary, claimant may have a new judgment entered later upon a modified agreement, or upon an award that may be made by the compensation authorities after it disposes of the petition for termination or modification which is now pending before it, should payments thereunder ever become in default beyond the permitted period.

Judgment as entered and as modified is ordered stricken from the record.