## Sober, Appellant, *v.* Pennsylvania Manufacturers Association.

Argued September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John P. Campana*, with him *Campana and Campana*, for appellant.

*John C. Youngman, Jr.*, with him *Candor, Youngman, Gibson & Gault*, for appellees.

OPINION BY SPAULDING, J., March 23, 1971:

On April 28, 1965, appellant Ida Mae Sober, while employed by appellee Lycoming County Institution District, suffered a back injury in the course of her employment. In July 1965 a laminectomy was performed on appellant as treatment for that injury.

On appellant's application for Workmen's Compensation, the referee granted partial benefits. This award was appealed by the appellant. On October 3, 1968,

the Board entered an order awarding compensation for total disability. The order provided: "Pennsylvania Manufacturers' Association is directed to pay to Ida Mae Sober compensation at the rate of $35.53 per week from June 18, 1965 for *total disability,* and to continue such payments until terminated or altered by or under the provisions of the Workmen's Compensation Act. Further, said insurance company is directed to pay interest at the rate of 6% per annum on deferred payments from the due date thereof, [and to pay and reimburse for specified medical expenses] . . . ." [Emphasis added.]

Appellee then appealed to the Court of Common Pleas of Lycoming County, and the court affirmed the Board's order. On May 16, 1969, the court entered judgment as required by the Workmen's Compensation Act, 77 P.S. §878.[1] Judgment was entered in the exact terms of the Board's order.

Appellees' thirty day limitation for appeal (77 P.S. §901), expired June 15, 1969. As of July 18, 1969, appellees had made no payment. On that date appellant "entered judgment" for $30,000.00 under the procedure set out in 77 P.S. §921.[2] As required by that section,

---

[1] Act of June 2, 1915, P. L. 736, art. IV, §427, par. 4, as amended: "If the court of common pleas . . . shall affirm an award or order of the board . . . fixing the compensation payable under this act, the court shall enter judgment for the total amount stated by the award or order to be payable, whether then due and accrued or payable in future instalments."

[2] Id., §428, par. 1, as amended: "Whenever the employer, who has accepted and complied with . . . [a Workmen's Compensation plan] shall be in default in compensation payments for thirty days or more, the employe . . . entitled to compensation thereunder may file a certified copy of the agreement and the order of the board approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order . . . as a judgment against the employer or other party

appellant filed a certified copy of the order of the Court of Common Pleas, and a praecipe for judgment in the amount of $30,000.00. The praecipe alleged that appellant was totally *and permanently* disabled, that employer was in default, and that §921 applied. Execution was then sought for the full amount.

On July 29, 1969,[3] in the presence of the court, appellees' counsel delivered to appellant's counsel a check in the sum of $8354.06, representing compensation and interest through July 3, 1969. On July 17, 1970, appellees' motion to strike the judgment "entered" under §921 was granted. This appeal is from that order.

The court below struck the judgment because the compensation award was not for "total and permanent disability" as required by §921, but for total disability alone. While this determination is correct in itself there are more fundamental reasons why the procedure of §921 was improperly applied.

Even assuming that there had been a default as alleged, a disputed matter which we need not settle here,[4] there is an obvious conflict between the praecipe and the May 16, 1969 order of the court below. The prothonotary cannot enter judgment, as §921 requires, where a court has already entered judgment as §878 requires. The wording of these two sections makes it clear that §878 exclusively governs the court's entry of

---

liable under such agreement or award. *Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award. . . .* [Emphasis added.]

[3] The parties agreed to waive objection as to the lapse of time before the court's disposition of the motion to strike.

[4] Employer and insurance company allege that the matter was put in line for payment on June 25, 1969, and that appellant was informed that payment was forthcoming and had merely been delayed.

judgment on appeal from an order or award, and §921 exclusively governs administrative entry of judgment on an order or award from which no appeal to the court has been taken. See *Graham v. Hillman Coal and Coke Co.*, 122 Pa. Superior Ct. 579, 586, 186 Atl. 400, 402 (1936); *Angelaccio v. Kaiser Fleetwings*, 200 Pa. Superior Ct. 607, 611, 190 A. 2d 157, 159 (1963).

Correct procedure upon default would have been to execute on the judgment already entered by the court. In no case could appellant have obtained execution for the total amount due her, past and future, as sought here. It is stated in 77 P.S. §951 that execution "shall in all cases be for the amount of compensation and interest thereon due and payable up to the date of the issuance of said execution, with costs, and further execution may issue from time to time as further compensation shall become due and payable." This section has long been regarded as applicable to all judgments in Workmen's Compensation cases. See *Graham*, supra. Further, the section reflects the well-established practice as to any judgment upon an obligation which becomes absolute in instalments. See 7 Standard Pennsylvania Practice, Chapter 31, §66, at notes 1 and 2. Since appellant has already received the amount accrued at the time of alleged default, she is in no way prejudiced by the striking of the $30,000.00 "judgment".

The nature of the award herein, however, creates an apparent paradox under our case law. In *Graham*, supra, we interpreted the words "total amount" in §878 as a requirement that the court, in entering judgment upon affirmance of an award, state the total of all payments due under the award, past and future, as a sum certain. That holding was then applied to void a judgment entered without statement of a sum certain under §921, upon an open agreement for total disability.

*Pooler v. Grasselli Chemical Co.,* 142 Pa. Superior Ct. 553, 16 A. 2d 655 (1940). A literal application of this reasoning to the instant case would void the judgment entered by the court below (on May 16, 1969). But see *Shay v. North Side Bank and Trust Co.,* 132 Pa. Superior Ct. 53, 58, 200 Atl. 302, 305 (1938).

At the times of those decisions 77 P.S. §511, which sets out the criteria governing a total disability award, stated a fixed number of weeks as the duration of the award, at a fixed percentage of wages, and with a maximum amount. It was possible to compute the total amount of such an award as the definite sum required by the *Graham* decision, supra. The 1956 amendment to this section, however, Act of February 28, 1956, P. L. (1955) 1120, §1, made the duration of the award indeterminate by setting it as the duration of the disability. Now, whenever an award is continuing, as here, there is no means of computing a fixed total sum. In cases of this nature, a literal application of the *Graham-Pooler* rule to the words "total amount" in §878, and "entire balance" in §921, is impossible. Judgments on continuing awards for total disability can now at most be required to set out the terms of payment clearly, and to compute the amount accrued to date of judgment.

While the judgment entered by the court in the instant case did not compute the accrued amount, it set the terms of payment out clearly, so that computation of the amount could be made without uncertainty. Further, the accrued amount, which has been paid, has not been put at issue.

The order of the court below is affirmed.