## Zaffino v. Parker Transfer & Seaway Leasing

*James N. Diefenderfer*, for plaintiff.
*Allen L. Fluke*, for defendant.

WOLFE, *P.J.*, August 12, 1976—Defendant has petitioned to strike a judgment entered against it by plaintiff under a workmen's compensation award.

On March 19, 1976, the workmen's compensation referee made an award in favor of plaintiff at the rate of $114 per week and after July 1, 1976, at the rate of $133.32 per week on a finding plaintiff was "totally disabled from April 7, 1975 and continues to be so." This decision did not make a determination that the disability was permanent in nature.

On the basis of this award, plaintiff caused to be entered a judgment in the amount of $30,000 against defendant and issued a writ of execution thereon. On May 28, 1976, we issued a rule to show cause why the judgment entered should not be stricken and stayed all proceedings.

Plaintiff's cause is based on the Act of June 2, 1915, P.L. 736, art. IV, sec. 428, as last amended March 29, 1972, P.L. 159 (No. 61), sec. 23, effective May 1, 1972, 77 P.S. §931. This section of the Workmen's Compensation Act provided for entry of temporary judgment on a compensation agreement or claim petition. Applicable to the issue here, it provides:

" . . . The prothonotary shall enter the amount stipulated in any such agreement or claimed in any such claim petition as judgment against the employer, and where the amount so stipulated or claimed is for *total and permanent disability,* such judgment shall be in the sum of thirty thousand dollars. If the agreement be approved by the department, or compensation awarded as claimed in the petition, the amount of compensation stipulated in the agreement or claimed in the petition shall be a lien, as of the date when the agreement or petition was filed with the prothonotary. . . ." (Emphasis supplied.)

This section makes it clear that the prothonotary must enter the amount either agreed upon or claimed in the petition as a judgment when the amount so stipulated or claimed is for total and permanent disability, or if the claim is for total permanent disability the prothonotary must enter a judgment in the amount of $30,000. Sober v. Pennsylvania Manufacturers Association, 220 Pa. Superior Ct. 22, 276 A. 2d 322 (1971), and

Angelaccio v. Kaiser Fleetwing's, 200 Pa. Superior Ct. 607, 190 A. 2d 157 (1963), relied upon by defendant, in our opinion, support defendant's position. It seems clear the holding of these cases conclude the compensation award must be for "total and permanent disability" before a judgment in the amount of $30,000 may be entered. It would appear the legislature intended in the case of total and permanent disability to assure the claimant a secured lien on the employer's assets in a substantial amount to assure payment thereof at the time of final award.

In the instant case, there has been no final litigation of plaintiff's claim; however, as the posture of the case is now before us the award is for total disability but without any finding of permanency by the referee; further, the Workmen's Compensation Board, on appeal, found claimant was awarded compensation for total disability and, because the record was not complete, set aside the determination of the referee and remanded the case to him to conduct further hearings to complete the record. Thus, there has been no final litigation of the amount claimed that could be entered as a judgment and since there is no allegation of total and permanent disability to permit the arbitrary amount of $30,000 to be entered, we are of the opinion the judgment was improperly entered and we make the following

## ORDER

And now, August 12, 1976, the prothonotary is directed to strike the judgment entered at Civil Division 271 of 1976 in favor of Ned J. Zaffino against Parker Transfer & Seaway Leasing in the amount of $30,000 entered on April 19, 1976.