## Williams v. Castrol, Inc.

*Michael J. Stief,* for plaintiff.
*Jane A. Lombard,* for defendants.

BIESTER, JR., *J.,* December 8, 1993—Plaintiff filed a default judgment with this court on April 20, 1993, under section 428 of the Pennsylvania Workmen's Compensation Act, 77 Pa.C.S. §1 et seq. Defendants Castrol Inc. and General Accident Insurance Company have petitioned to open or strike that judgment and have moved for a stay of execution. We now issue this opinion and order opening judgment and staying execution pending disposition of a suit between the parties before Workers' Compensation Referee Carol Mickey.

Plaintiff injured his fingers during the course of his employment on March 18, 1991. Defendant General Accident Insurance Co. filed a notice of compensation payable April 18, 1991 accepting liability for plaintiff's injury, following which plaintiff received compensation benefits in the amount of $416.56 per week from March 19, 1991 through August 25, 1991. Plaintiff returned to work on August 26, 1991 at his pre-injury wages but refused to sign documents that would suspend his disability payments. On September 10, 1991 there was a physical altercation between plaintiff and an agent of his employer over a final payment check pursuant to that claim. Plaintiff has not returned to work since.

As a result of the altercation defendant filed a petition for suspension of benefits with the Bureau of Workers' Compensation on September 23, 1991. Also as a result of the altercation plaintiff filed both a petition for reinstatement, alleging that he aggravated his March 18th injury, and a claim petition, alleging that the altercation caused new injuries. All three petitions are currently

pending before Workers' Compensation Referee Carol Mickey.

Defendant maintains that any injuries incurred by plaintiff during the altercation are not causally related to his March 18th injury and thus has not paid compensation benefits on the notice of compensation payable since September 9, 1991. Defendant has also refused to pay benefits based on any new injuries until the Workers' Compensation Referee finds that the plaintiff sustained a compensable injury. As a result of defendant's cessation of compensation benefits plaintiff obtained a default judgment on April 20, 1993.

The issue we must decide is whether judgment was properly entered in accordance with provisions of the Pennsylvania Workmen's Compensation Act (hereinafter Act). Plaintiff entered judgment pursuant to section 428 of the Act which provides for judgment upon default in compensation payments:

"Whenever the employer, who has accepted and complied with the provisions of section 305, shall be in default in compensation payments for 30 days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of $30,000 less such amount as the employer shall have actually paid pursuant to such agreement or award ..." 77 Pa.C.S. §921.

Whether judgment was properly entered thus depends upon whether defendant was in fact in default. Plaintiff contends that judgment under section 428 is proper because defendant defaulted by suspending benefits after the September 10th altercation. Defendant counters that because plaintiff returned to work on August 26, 1991, it had no obligation to continue payments under the April notice of compensation payable. The question of default is complicated by the fact that defendant did not follow proper procedures to terminate plaintiff's benefits. Section 413(c) of the Act provides for the suspension of compensation payments:

"Notwithstanding any provision of this act, an employer may suspend the compensation during the time the employe has returned to work at his prior or increased earnings if the employer files a petition to terminate or modify a notice of compensation payable or a compensation agreement or award *within 15 days of the return to work.*" 77 Pa.C.S. §774.2. (emphasis added)

Defendant did not comply with the express language of section 413(c) as its petition to terminate benefits was filed 27 days after plaintiff returned to work. Plaintiff argues that defendant's violation of this section entitles him to judgment. The dilemma we face is that no court has determined whether a delay of 12 days in filing a petition to terminate constitutes a default under section 428. We believe that the workmen's compensation authorities, having before them most of the determinative issues in the underlying case, should properly determine if defendant was in default.

The court may exercise its equitable powers and grant a petition to open a default judgment when three factors are met: "(1) the petition has been promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying

claim." *Fink v. General Accident Insurance Co.,* 406 Pa. Super. 294, 297, 594 A.2d 345, 346 (1991). In the instant case defendant satisfies all three factors: the petition to open judgment was filed less than three weeks after the default judgment was entered; default was entered pursuant to a statute which did not require notice to the defendant; and whether defendant defaulted under section 921 is reasonably at issue.

In deferring to the compensation authorities, the court is guided by a Superior Court decision, *Angelaccio v. Kaiser Fleetwings, Inc.,* 200 Pa. Super. 607, 190 A.2d 157 (1963). In *Angelaccio,* Mr. Angelaccio's compensation benefits were stopped because of his return to work. Like the plaintiff in the instant case, Mr. Angelaccio would not sign a supplemental agreement suspending his compensation payments upon his return, and later filed for default under section 428 of the Act. The Superior Court granted defendant employer's petition to strike off the judgment, in part because the issue of default had not been resolved. The court reasoned that,

"[a]lthough the statement in the praecipe that payments had not been made for over four months might ordinarily satisfy the condition imposed by the statute, we do not think it does so in the present case wherein the default is admittedly in dispute. That issue is one that must be resolved by the compensation authorities since it involves a complex factual situation concerning claimant's changed status." *Angelaccio, supra* at 611, 190 A.2d at 159.

*Angelaccio* leads us to conclude that because the issue of default will determine the validity of the default judgment, this court must open the judgment and use our equitable power to stay the case pending Referee Mickey's resolution of the parties' petitions now before her.

## ORDER

And now, December 8, 1993, upon consideration of defendants' petition to open or strike judgment and motion for stay of execution and memorandum in support thereof, and plaintiff's response thereto, it is hereby ordered that judgment is opened and further procedure stayed pending the outcome of the parties' petitions now before Workers' Compensation Referee Carol Mickey.