**John COOMBS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Philadelphia Electric Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 20, 1996

Decided Feb. 12, 1997.

---

Kenneth J. Powell, Jr., Philadelphia, for petitioner.

Eric Lechtzin, Philadelphia, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

John R. Coombs, Jr., (Claimant) appeals an order of the Workmen's Compensation Appeal Board (WCAB) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant benefits.

Claimant was employed by the Philadelphia Electric Company (PECO) from 1950 until his retirement in 1987. In April of 1991, Claimant underwent a routine colon operation. During that operation, the surgeon noticed that Claimant had cirrhosis of the liver. Thereafter, on August 13, 1991, Claimant filed a Workers' Compensation Occupational Disease Claim alleging that he sustained cirrhosis of the liver as a result of regular exposure to carbon tetrachloride (tetrachloride), an industrial solvent, during his employment with PECO. PECO challenged his claim, and the matter was heard by a WCJ.

After a hearing on the matter, the WCJ found that: (1) Claimant failed to prove that he was exposed to tetrachloride during the required statutory period and that he therefore failed to prove that he was exposed to a compensable occupational hazard; (2) Claimant failed to prove that exposure to tetrachloride actually causes cirrhosis of the liver; (3) Claimant failed to prove that there was a substantially greater incidence of cirrhosis due to tetrachloride exposure in the electric generating industry than in the general population; and (4) Claimant failed to prove that he was disabled as a result of his cirrhosis. Based on these findings, the WCJ denied Claimant's occupational disease claim.

Claimant has three principal arguments on appeal: (1) the WCJ's findings of fact, as affirmed by the Board, are not supported by substantial evidence; (2) the Board erred in affirming the credibility determinations made by the WCJ; and (3) the Board erred by allowing the WCJ to draw an adverse inference from Claimant's failure to produce his treating physician as a witness.[1] PECO argues that Claimant's arguments are not supported by law or facts and that PECO is therefore entitled to attorney fees and costs under Pa. R.A.P. 2744.

This case is governed by the occupational disease provisions of the Pennsylvania Workers' Compensation Act (Act).[2] The Act defines "injury" to include occupational diseases defined under Section 108 of the Act, 77 P.S. § 27.1. However, the Act only provides compensation for occupational diseases " with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease *after* June 30, 1973." Section 301(c) of the Act, 77 P.S. § 411 (emphasis added).

▮ To prevail under the Act, Claimant must prove that: (1) he was exposed to the disease as part of his employment after June 30, 1973; (2) the disease is causally related to his occupation; and (3) there is a substantially greater likelihood of the disease in that occupation than in the general population. Section 108(n) of the Act, 77 P.S. 27.1(n); *May Department Stores v. Workmen's Compensation Appeal Board (Smith)*, 105 Pa. Cmwlth.580, 525 A.2d 33., *petition for allowance of appeal denied*, 516 Pa. 624, 532 A.2d 21 (1987).

▮ Our standard of review is limited, as specified in Section 704 of the Administrative

---

1. Claimant also attempts to raise the issue of PECO's untimely answer to his original Claim Petition. However, because this was not raised before the WCAB, it is waived. *See Williams v. Workmen's Compensation Appeal Board (Mont-*

*gomery Ward)*, 127 Pa.Cmwlth.587, 562 A.2d 437 (1989).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

Agency Law, 2 Pa.C.S. § 704, which provides, in relevant part:

[T]he court shall affirm the adjudication unless it shall find the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with the law, ... or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

Substantial evidence, as used in the Administrative Agency Law, is merely such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (Pa.1985).

Although the WCJ denied Claimant's Petition on a number of grounds, perhaps the one most determinative of the claim is that Claimant was not exposed to an occupational disease during the period for which the statute permits recovery, that is, to an occupational disease resulting from exposure occurring after June 30, 1973. Because the WCJ found as a fact that Claimant was not exposed to tetrachloride after 1960, his occupational disease claim arose prior to 1973, and, consequently, he is denied benefits under the Act.

■ Claimant argues that the WCJ's conclusion that he was not exposed to tetrachloride after 1960 is not supported by substantial evidence. However, Alan Todd, an industrial hygienist, and Thomas Lamond, the PECO Plant Manager, both testified that tetrachloride was not used by PECO after 1960. Their testimony, found credible by the WCJ, is adequate to support a conclusion that tetrachloride was not used by PECO after 1960. Therefore, the record does contain substantial evidence supporting the conclusion that Claimant was not exposed to tetrachloride after 1960.

■ Claimant argues that the testimony of Alan Todd and Thomas Lamond is *not* credible and that the WCJ's credibility determinations are erroneous. Claimant therefore, asks us to make our own credibility determinations and to substitute our determinations for those made by the WCJ. This we will not do, because such determinations are the pre-

rogative of the WCJ. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Consolidation Coal Company),* 531 Pa. 287, 292, 612 A.2d 434, 437 (1992). Therefore, we are bound by the WCJ's finding that Employer's witnesses were credible.

■ Finally, Claimant argues that the WCJ erred when he drew an unfavorable inference from Claimant's failure to call his treating physician as a witness. We disagree. Pennsylvania precedent supports the rule, stated by Wigmore:

The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party. These inferences, to be sure, cannot fairly be made except upon certain conditions; and they are always open to explanation by circumstances which make some other hypothesis a more natural one than the party's fear of exposure. But the propriety of such an inference in general is not doubted.

[Therefore] [t]he nonproduction of evidence that would naturally have been produced by an honest and therefore fearless claimant permits the inference that its *tenor is unfavorable to the party's cause.*

Wigmore on Evidence § 285 (emphasis in original); *see also Wilson v. Consolidated Dressed Beef Co.,* 295 Pa. 168, 145 A. 81 (1929) (adverse inference allowed where defendant failed to call an expert witness who, at his request, had examined the plaintiff). Claimant asserts that his treating physician was equally available to PECO and, thus, an adverse inference should presumably be drawn against PECO as well. This argument is without merit.

Under the provisions of Section 108(n) of the Act, 77 P.S. § 27.1(n), Claimant had the burden of proof in this matter; both the burden of production and the burden of per-

suasion. He failed to call his treating physician to help him overcome these burdens. From that failure, an adverse inference is permissible. PECO does not have a burden of production in this matter; PECO has only a burden of persuasion if, and only if, Claimant has first met his burden of production. Therefore, an adverse inference does not necessarily follow from PECO's failure to call Claimant's treating physician. Moreover, the evidence PECO did put forth to meet its burden of persuasion was more than adequate to rebut Claimant's Claim Petition making Claimant's physician's testimony superfluous. As such, we cannot say that the WCJ erred in drawing an adverse inference from Claimant's failure to produce his treating physician as a witness.

Because we find that the decision of the Board affirming the WCJ is supported by substantial evidence and contains no error of law, it is hereby affirmed.

PECO, in its respondent's brief, requests this Court to award counsel fees against Claimant and his counsel under the provisions of Pa. R.A.P. 2744 for pursuing a frivolous appeal. Under the circumstances in this case, we decline to do so.

### ORDER

AND NOW, February 12, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed, with the parties to bear their own costs and fees.

