### Herbert CLAYTON

v.

### CITY OF PHILADELPHIA, Appellant (Three Cases).

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 1, 2006.

Decided Oct. 13, 2006.

Reargument En Banc Denied Dec. 1, 2006.

---

94

Martin G. Malloy, Philadelphia, for appellant.

W. Michael Mulvey, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The City of Philadelphia (Employer) appeals from three separate orders of the Court of Common Pleas of Philadelphia County (trial court)—two dated April 21, 2005, denying its petitions to open judgment and set aside writ of execution (Nos. 1036 C.D. 2005 and 1037 C.D. 2005) and a third, dated November 28, 2005, denying its petition to open judgment and writ of execution (No. 2434 C.D. 2005) obtained by Herbert Clayton (Claimant) against Employer for unpaid workers' compensations benefits.

Claimant was employed as a police officer for Employer on May 6, 1997, when he suffered a work-related, career-ending permanent injury to his shoulder. As a result, Claimant filed for service connected disability pension with the Philadelphia Board of Pensions and Retirement (Board of Pensions). After a determination made by the Board of Pensions, he was awarded a service connected disability pension in September 2000. Subsequently, Claimant filed a claim petition seeking workers'

compensation benefits, and the matter was assigned to Workers' Compensation Judge Alan Gilbert (WCJ Gilbert). Employer did not contest that Claimant had been injured, but only whether the injury was work-related. Finding that the injuries were work-related, WCJ Gilbert awarded benefits under the Workers' Compensation Act (Act) as of January 2, 1998, as well as attorney fees and litigation expenses.[1] Employer did not appeal the WCJ's order, but failed to pay workers' compensation benefits awarded.

Claimant then filed a petition to reinstate benefits and a petition for penalties with the Bureau of Workers' Compensation (Bureau), alleging that Employer failed to pay him the workers' compensation benefits or attorney fees in compliance with WCJ Gilbert's order. At the hearing, this time before Workers' Compensation Judge Francine Lincicome (WCJ), Claimant testified that Employer had neither paid him workers' compensation benefits previously ordered nor had Employer ever supplied him with notice of setoff of the workers' compensation benefits for the pension benefits he received. Employer, however, contended that it did not owe any past due workers' compensation benefits because it was entitled to an offset for the amounts Claimant received from Employer who paid the service connected disability pension that he was receiving.[2]

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. Section 204(a) of the Act, 77 P.S. § 71(a), provides that an employer is entitled to an offset against workers' compensation benefits for benefits from a pension plan funded by the employer, stating:

> The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensa-

tion which are received by an employe shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under section 306(c).

Moreover, Philadelphia's City Ordinance Section 22–401(4)(a) provides that Employer's payment of pension benefits may be offset by compensation benefits:

> If the member receives or is entitled to receive, for and during a period of time of disability, compensation from the Treasury

The WCJ ordered that Employer pay Claimant all past due workers' compensation benefits owed without offset or credit because Employer failed to either file a notice of offset or request credit before WCJ Gilbert when benefits were awarded.[3] She also awarded Claimant penalties and attorney fees for Employer's failure to pay the benefits when ordered. Employer appealed to the Workers' Compensation Appeal Board (Board) and requested a supersedeas. The Board denied the request as to the weekly wage benefits.[4]

After the WCJ's order, Employer filed with the Bureau two notices of benefit offset. One sought credit for pension benefits beginning in August 2004 against future workers' compensation benefits that Claimant would receive. The other, the one at issue here, sought a retroactive credit for pension benefits back to January to set-off against Claimant's workers' compensation award for the period of January 1998 to September 2004.

■ Because Employer had not paid the award within 30 days of the WCJ's June 29, 2004 order and the Board had denied Employer's request for a supersedeas, pursuant to Section 428 of the Act, 77 P.S. § 921,[5] Claimant filed with the Philadelphia Prothonotary a praecipe to enter judgment for $307,136.84[6] representing

---

of the City, workers' compensation benefits or payments in the nature of workers' compensation benefits from any source, such disability retirement benefits shall be reduced by the amount of such compensation benefits or payments for the period such compensation or payments are paid or payable even though all or part of the amount so payable may be wholly or partially commuted.
(City Ordinance Section 22–401(4)(a)).

3. In order for an employer or insurer to obtain an offset of workers' compensation benefits received by a claimant with an amount of pension benefits also obtained by the claimant, it must file a notice of benefit offset with the Department of Labor and Industry (Department). 34 Pa.Code § 123.4. This notice informs the claimant of the amount of the offset, how it was calculated, and when it commences. *Id.* To challenge an offset, the claimant must file a petition to review benefit offset with the Department. *Id.*

4. On August 16, 2004, the Board ordered:
   The Defendant's [Employer's] Request for Supersedeas is denied. However, the Defendant is to retain the penalty and attorney fees for unreasonable contest until we render a decision on the merits. Pending a final decision on this issue by the Board, the attorney fees will be deducted from the Claimant's compensation and paid directly to the Claimant's attorney.

5. Section 428 of the Act provides:
   Whenever the employer, who has accepted and complied with the provisions of section three hundred five, shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award. Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

6. This sum consisted of temporary compensation benefits from January 1, 1998, to January 5, 2005, at $561 per week ($204,765); accrued interest ($100,231.70); litigation expenses ($183.64); attorney fees ($1,880) and filing costs ($76.50). Employer does not argue that the judgment is inaccurate in any way except for its exclusion of Employer's asserted credits and/or offsets.

the amount owed in benefits from January 1998 to September 2004. Employer filed petitions to open judgment and set aside writ of execution. The trial court denied both petitions, finding no legal or equitable basis to open the judgment or set aside the writ of execution, reasoning that Employer was essentially seeking to set aside the denial of a supersedeas by the Board and the WCJ's award. Employer filed appeals from both of the orders. Claimant then filed a second praecipe to enter judgment on court findings with the trial court on November 15, 2005, again basing it on the WCJ's order and the Board's denial of Employer's request for a supersedeas. Employer filed a petition to open judgment, which the trial court dismissed, because it already decided the matter in its orders dated April 21, 2005, denying the petitions to open and set aside the execution and those orders were on appeal divesting it of jurisdiction.[7] Employer also appealed that order. All of the appeals have been consolidated for our review.[8]

■ Employer contends that the trial court was without jurisdiction to enter judgment and erred in denying its petitions to open judgment and set aside writ of execution because it has a meritorious defense, namely, that the filing of the second notice of benefit offset fulfilled its obligation to pay Claimant workers' compensation benefits owed between January 1998 and September 2004.

■ Section 428 of the Act, 77 P.S. § 921, governs how judgments are obtained for unpaid workers' compensation awards. Under this provision, when an employer has not paid benefits within 30 days of an award, a claimant is entitled to have the prothonotary issue a judgment for the entire amount owed. The judgment entered under this provision will only be lifted if the employer establishes that there was no order granting compensation, that 30 days had not passed since the order fixing payment, a supersedeas was granted, *Horner v.C.S. Myers & Sons, Inc.,* 721 A.2d 394 (Pa.Cmwlth.1998), or that the amount owed has been paid. *Sober v. Pennsylvania Manufacturers Association,* 220 Pa.Super. 22, 276 A.2d 322 (1971). A claim that there was an error before the WCJ's award is not a basis for lifting the judgment. *Kurtz v. Allied Corp.,* 127 Pa.Cmwlth. 384, 561 A.2d 1294 (1989).

Employer contends that it has "paid" the judgment with the notice of offset it filed against Claimant's workers' compensation award for pensions paid from January 1998 to September 2004, the period reflected in the judgment for past worker's compensation benefits not paid. *In Campagna v. Brandon Knitwear, Inc.,* 797 A.2d 405, 408, (Pa.Cmwlth.2002), an employer sought to open a judgment on the basis that it was entitled to offsets or credits against the award. In rejecting that claim, we stated:

> In the instant appeal, Employer presents one issue for our review: whether the trial court erred as a matter of law or abused its discretion in failing to strike or open the judgment at issue due to Employer's assertions that certain offsets and/or credits are due to it that

---

7. In its 1925(b) Statement, Employer contends that the purpose of this motion was to foreclose the trial court "from mak[ing] entries on its docket as the underlying matter was appealed."

8. Our standard of review of a denial of a petition to open judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Horner v. C.S. Myers & Sons and Great American Insurance Company,* 721 A.2d 394 (Pa. Cmwlth.1998).

are not reflected in the amount of the judgment. . . .

Employer's Motion to Strike, and subsequent appeal to this Court, ignores one of the primary purposes behind the judgment entry remedy supplied by Section 428 of the Act: to provide recourse for a situation where an employer has been found liable to pay benefits to a claimant, but does not. As we have previously stated in regards to a motion to strike or open a judgment in the context of a workers' compensation award, "if we were to accept [Employer's argument to address the merits of the underlying award], then we would be forced to disregard their violations of the Act, i.e., the unilateral cessation of Claimant's benefits." *Horner v. C.S. Myers & Sons, Inc.*, 721 A.2d 394, 398 (Pa.Cmwlth.1998), petition for allowance of appeal denied, 559 Pa. 682, 739 A.2d 545 (1999) (holding that trial court did not err in denying petition to strike or open default judgment where question of employer's liability for claimant's benefits was still pending on employer's termination petition, due to validity of WCJ's original award of benefits under which employer was required to pay, but failed to do so). Horner's reasoning is especially applicable to the instant case, where Employer has not merely ceased paying benefits to Claimant, but has never actually begun to pay Claimant as ordered by the WCJ. (Footnotes omitted.)

As the trial court cogently found, what is involved here is a collateral attack on a WCJ's compensation award and findings that the Employer was not entitled to offset and the Board's denial of a supersedeas. Until a supersedeas is issued or the award or the order denying credit for the offset is reversed by either the Board or a court, an employer cannot challenge the propriety of the underlying award as a defense to the entering of judgment filed pursuant to Section 428 of the Act.[9]

Accordingly, the orders of the trial court denying Employer's petitions to open judgment and set aside writ of execution (Nos. 1036 C.D. 2005 and 1037 C.D. 2005), and its order denying Employer's emergency petition to open judgment (No. 2434 C.D. 2005) are hereby affirmed.[10]

## ORDER

AND NOW, this 13th day of October, 2006, the two orders of the Court of Common Pleas of Philadelphia County dated April 21, 2005 (Nos. 1036 C.D. 2005 and 1037 C.D. 2005), and November 28, 2005 (No. 2434 C.D. 2005), are affirmed.

9. Employer did not appeal the first WCJ's Order of February 28, 2001. Employer appealed the June 29, 2004 WCJ's order to the Board, but it denied a supersedeas in part (regarding to the payment of workers' compensation benefits.)

10. Relying on *Murphy v. Workers' Compensation Appeal Board (City of Philadelphia)*, 871 A.2d 312 (Pa.Cmwlth.2005), Employer also argues that any monies awarded to Claimant should be payable to the Board of Pensions because it is entitled to receive an offset against certain pension benefits for any workers' compensation benefits received. Even assuming it is a defense to a petition to open a compensation award and that it is not another collateral attack on the WCJ's award that it was not entitled to offset, this contention is waived because it was not raised in the petitions to open judgment and set aside writ of execution and was raised for the first time in Employer's 1925(b) Statement. *See Coombs v. Workmen's Compensation Appeal Board (Philadelphia Electric Company)*, 689 A.2d 996 (Pa.Cmwlth.1997); *Teledyne McKay v. Workmen's Compensation Appeal Board (Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth.1997).