Laura E. Jarvis, Widow of Enos J. Jarvis, Deceased *v.* Elsie M. Jarvis t/a John J. Jarvis (Phoenix Assurance Company of New York). Phoenix Assurance Company of New York, Appellant.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Roger B. Wood,* with him *David L. Pennington,* and *Harvey, Pennington, Herting and Renneisen, Ltd.,* for appellant.

*Joseph D. Shein,* with him *Barry S. Yaches,* and *Shein & Brookman,* P.A., for appellee.

OPINION BY JUDGE MACPHAIL, January 22, 1979 :

Phoenix Assurance Company of New York (Phoenix) has appealed from an order of the Court of Common Pleas of Philadelphia refusing to strike off a judgment entered against it by Laura E. Jarvis (Claimant), widow of Enos Jarvis, who was fatally injured in an industrial accident. The judgment was entered by the Prothonotary of Philadelphia County pursuant to the provisions of Section 428 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §921, on an order of the referee dated May 25, 1976, directing the decedent's employer or its insurance carrier to pay benefits to the Claimant.

Phoenix, the decedent's employer's insurance carrier, appealed from the referee's order and filed a petition for supersedeas with the Workmen's Compensation Appeal Board (Board). That petition was denied by the Board on September 30, 1976. Phoenix filed a motion to strike the judgment which had been entered against it by Claimant on November 15, 1976. On May 17, 1977, the Court of Common Pleas of Philadelphia entered its order refusing to strike off the

judgment. On June 30, 1977, the Board reversed the referee as to that part of the referee's order holding Phoenix liable for the payment of benefits. When Phoenix filed an appeal from the order of the Court of Common Pleas of Philadelphia entered May 17, 1977, that Court filed an opinion in support of its order on May 2, 1978.

On the 22nd day of January, 1979, this Court decided to affirm the Board's order.[1] There is no doubt that Section 430 of the Act, 77 P.S. §971, provides that the lien of any judgment entered upon an award is not divested by an appeal and further that no appeal shall act as a supersedeas unless the Board (or the Court) to whom the appeal is taken shall grant the supersedeas. We have noted that the Board refused to grant a supersedeas to Phoenix. As pointed out by the Court of Common Pleas of Philadelphia in its opinion, the appellant is not harmed by that statutory provision because Section 443 of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §999, specifically provides for reimbursement to an insurer who has made payments after the denial of a supersedeas where upon the "final outcome of the proceedings" it is determined that compensation was not in fact payable.

The fact remains that between May 17, 1977, when the Court of Common Pleas of Philadelphia entered its order refusing to strike off the judgment and May 2, 1978, when Judge PAUL A. DANDRIDGE wrote an opinion in support of that order, the Board entered its order on June 30, 1977, exempting Phoenix from liability for the payment of benefits. Although the Court's opinion does not mention the Board's inter-

---

[1] *Jarvis v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 44, 397 A.2d 27 (1979). Both cases, Nos. 1434 C.D. 1977 and 1237 C.D. 1977, were joined for argument before this Court.

vening order, Phoenix represents to us that the order was called to the Court's attention before the opinion was written. In any event, we must conclude that while the Court's denial of the motion to strike was proper on May 17, 1977, the order entered by the Board prior to the filing of the Court's opinion would certainly require a different result. We must now conclude that the lower court's order must be reversed because the reasons given in support thereof are no longer valid.

Phoenix insists that not only should we reverse the lower court, but we should strike off the judgment as well because the existence of that judgment and the writ of execution which has been issued pursuant thereto is prejudicial to them. While we are not unsympathetic to Phoenix's current jeopardy, we are mindful that they have been the architect of their own dilemma. Had Phoenix paid the award as the Act requires it to do and then sought restitution under Section 443 of the Act, there would be no judgment or writ of execution extant. If we strike off the judgment, what will prevent defendants in workmen's compensation cases from following the same procedures used by Phoenix in order to delay the payment of benefits in every case to claimants who may justly deserve them? What will be the practical result of our striking off the judgment in the event of a successful appeal to the Supreme Court of Pennsylvania by the Claimant from our Court's orders in the two appeals we have decided adversely to the Claimant? We decline to asume these risks. We feel that there is at least as much prejudice to the Claimant as to Phoenix if we act to strike off the judgment below.

Accordingly, we will reverse the lower court and remand the case to that court to vacate the judgment.

ORDER

AND Now, this 22nd day of January, 1979, the order of the Court of Common Pleas of Philadelphia, Family Court Division, dated May 2, 1977, is reversed and the case is remanded to the Court of Common Pleas of Philadelphia to vacate the judgment entered to No. 2145 November Term, 1976.