535 A.2d 1115

**Earl FORMAN, Deceased, Elizabeth Forman, Widow**

v.

**Irving RUTBERG, Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Argued May 28, 1987.

Filed Dec. 31, 1987.

Arnold F. Laikin, Philadelphia, for appellant.

Mark B. Segal, Philadelphia, for appellees.

Before ROWLEY, KELLY and WATKINS, JJ.

ROWLEY, Judge:

This case involves appeals from two orders refusing to strike two judgments. In April, 1985, Appellee, Elizabeth Forman, filed a workmen's compensation fatal claim petition against appellant, Irving Rutberg, following her husband, Earl Forman's, fatal fall from a drain pipe while repairing appellant's rental property. In this claim she sought dependent's death benefits. In August, 1985, as executrix of Earl Forman's estate, appellee filed a lifetime claim petition against appellant seeking medical benefits. In January, 1986, appellant received notice of the Referree's Order that appellant's insurance company did not represent appellant individually, but only with regard to his fur business, and therefore, the insurance company's answers to the fatal claim and life time petitions were to be stricken. However, appellant, individually was granted leave to file an answer. On May 8, 1986, appellant still having filed no answer and appellee having received a notice from the Pennsylvania Compensation Rating Bureau that appellant was not carrying workmen's compensation insurance when Earl Forman fell and died, appellee filed two praecipes with the Prothonotary of the Court of Common Pleas of Philadelphia County to enter temporary judgments against appellant pursuant to 77 P.S. § 931.[1] The judgments were entered on May 8, 1986. On May 14, 1986 appellant filed answers to the petitions claiming that he was not an employer subject to the Workmen's Compensation Act. On August 21, 1986, appellant filed a petition to strike or open the judgments [2], and to grant him counsel fees. The court entered an order with regard to each of the judgments

---

1. Separate praecipes were filed at No. 1036 May Term 1986 with regard to the claim for medical benefits, and at No. 1037 May Term 1986 with regard to the claim for death benefits. The present appeals concern the judgment at each of these docket numbers.

2. The petition was labeled, "Petition of Irving Rutberg to Strike Judgment and to Award Counsel Fees." However, in the prayer for relief, appellant specifically requested that the judgments be *either* stricken or opened. The trial court improperly treated the petition as if it were only a petition to strike, and therefore did not address the question of whether the judgment should have been opened.

refusing to strike the judgments and denying the claim for counsel fees. Appellant has appealed from these orders, and the appeals have been consolidated.

Appellant contends that the trial court erred when it refused to strike the judgment because the statute authorizing entry of the judgment is unconstitutional on its face. Appellant asserts that 77 P.S. § 931 authorizing the temporary judgments to be entered against him, is a deprivation of his property without procedural or substantive due process of law in violation of both the state and federal constitutions. By placing a lien on the employer's property, thereby affecting its alienability, the statute restricts the employer's use of his property without due process. Similarly, because there is no provision in the statute for notice and a hearing prior to the entry of the judgment to ascertain the potential liability of the employer, the statute denies the employer procedural due process. Finally, appellant argues that appellee acted arbitrarily, vexatiously, and in bad faith when she filed the praecipes for the judgments, and therefore the trial court should have granted that portion of his petition which requested counsel fees.

The relevant portion of the statute allowing an employee to praecipe for a temporary judgment against an employer under certain circumstances, provides as follows:

Whenever, after an injury, any employe or his dependents shall have entered into a compensation agreement with an employer, who has not accepted or complied with the provisions of section three hundred five, or shall file a claim petition against such employer, he may file a certified copy thereof with the prothonotary of the court of common pleas of any county. The prothonotary shall enter the amount stipulated in any such agreement or claimed in any such claim petition as judgment against the employer, and where the amount so stipulated or claimed is for total and permanent disability, such judgment shall be in the sum of thirty thousand dollars. If the agreement be approved by the department, or compensation awarded as claimed in the petition, the amount

of compensation stipulated in the agreement or claimed in the petition shall be a lien, as of the date when the agreement or petition was filed with the prothonotary. Pending the approval of the agreement or the award of compensation, no other lien which may be attached to the employer's property during such time shall gain priority over the lien of such agreement or award; but no execution shall issue on any compensation judgment before the approval of the agreement of the award of compensation on the said petition.

77 P.S. § 931.

The test for determining whether or not a statute denies substantive due process, where, as here, there is no fundamental interest or suspect classification involved, is whether or not the statute bears a rational relationship to a valid state objective. *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 Pa. 147, (1981); *Whitling v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 95 Pa.Cmwlth. 500, 505 A.2d 1101 (1986). Appellant argues that because not all employers named in workmen's compensation claims are ultimately found to be liable for the claims, the determination that a temporary judgment may be entered against any employer named in a workmen's compensation claim is unnecessarily arbitrary. We disagree.

■ Initially, we note that the statute does not apply to all employers named in a workmen's compensation claim, but only to those against whom there is an outstanding claim *and* who are not insured for such claims as required by 77 P.S. § 501. More importantly, however, the Commonwealth has a legitimate state interest in providing for a temporary judgment in favor of an employee who must earn the wages with which to provide for his or her daily needs from an employer who not only is potentially liable for the claim, but has himself or herself failed to provide the statutorily required insurance which ordinarily would serve as the assurance to the claimant that there would be adequate funds with which to satisfy the claim if the claimant ultimately prevails. Furthermore, the effect of

the temporary judgments authorized by § 931 is only to preserve the claimant's status as a lienholder, and does not allow the claimant to execute on the judgment unless and until it has been finally determined that the employer is liable for the claim. Because there is a reasonable basis for this statute, the Act does not substantively deny due process.

Appellant also argues that the statute denies him procedural due process because there is no provision in the statute for notice to the employer prior to entry of the judgment and because there is no provision for a hearing to determine the reasonable possibility of a judgment being rendered against the employer. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). However, the procedures required by due process are not the same in all circumstances and depend upon the requirements of a particular situation. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). "The form which those procedural protections must take is determined by an evaluation of all the circumstances and an accommodation of competing interests." *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 570 (3rd Cir.1985). To determine the extent of the procedures which are necessary, we must consider three factors: 1) the private interest affected by the official action; 2) the risk of an erroneous deprivation of the private interest as a result of the procedures used; and 3) the government's interest, including fiscal and administrative burdens, that additional procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Therefore, we must examine the temporary judgment statute involved here in light of these factors.

■ The private interest affected is the employer's interest in having no judgments recorded against him. To the extent the employer owns property, the effect of the temporary judgment is to place a lien on the property. Although the property cannot actually be taken by means of execu-

tion until there has been a final determination of the employer's liability, the lien itself affects the employer's ability to alienate the property and may affect the employer's ability to use the property as collateral in other financial transactions. However, because a temporary judgment does not restrain an employer from all uses of his property such that he may continue to use the property to conduct his business, the interest affected has been minimized by the very terms of the legislation. Therefore, although there is a private interest affected by the temporary judgment act, the legislature has minimized the impact to the least extent possible in accordance with its legitimate interest in protecting the claimant's ability to actually receive compensation for the claim if it ultimately is determined to be meritorious.

The risk that an erroneous deprivation will occur is also minimal. The statute provides that a temporary judgment may only be obtained by an actual "employee" with a claim against an actual "employer." In sections 103 and 104 of the Act, the statute provides specific definitions of "employer" and "employee". Whether or not there is an employer/employee relationship for purposes of the Act depends on whether the facts establish that the common law master/servant relationship exists. 77 P.S. §§ 21 and 22. Therefore, when an alleged employer contests from the first opportunity either that he is not an employer within the meaning of the Act or that the claimant is not an employee within the meaning of the Act, then § 931 does not apply. Thus the possibility that an alleged employer will suffer the imposition of a temporary judgment for which he is subsequently determined not to be liable on the basis either that he is not the employer or the alleged employee is not an actual employee is avoided by the terms of the Act.

The only circumstances, then, in which an employer would be subject to an erroneous deprivation of his property interest due to the entering of a temporary judgment against him pursuant to § 931 would be where the claimant has made an unfounded claim. However, there is nothing

of record in this case from which we can determine the number or frequency of unfounded workmen's compensation claims in which temporary judgments are obtained against the employer. We therefore conclude that the risk of an erroneous deprivation is not substantial.

█ Finally, we must weigh the burden on the government which the additional procedure of notice and a hearing prior to the entry of the temporary judgment would have. The requirement of a hearing prior to entry of the temporary judgment would, at least in part, defeat the purpose of the statute. A prior hearing would postpone the opportunity for the claimant to become a lienholder, and thereby could substantially diminish the possibility that the claimant would be able to recover an ultimate, final judgment. Moreover, notice and a hearing prior to the entry of the temporary judgment would give the employer an opportunity to change the record ownership of his property in an attempt to make himself judgment-proof by the time that the temporary judgment could be entered. Furthermore, to provide a hearing in each case prior to entry of the temporary judgment would require allocation of scarce judicial resources in *all* such cases, even though judicial resources have already been allocated for hearing petitions to open in those cases in which the employer actually asserts a meritorious defense challenging the propriety of the temporary judgment. It would be an unnecessary burden on the Commonwealth to conduct a hearing prior to the entry of a temporary judgment in all cases, when there is a relatively expeditious procedure already provided for challenging the temporary judgment. We find the burden on the Commonwealth to be especially onerous in view of the fact that the private interest affected has already been minimized and that the risk of an erroneous deprivation is relatively small. Balancing the competing interests of the individual employer and those of the government, we conclude that due process does not mandate notice and a hearing prior to entry of a temporary judgment pursuant to 77 P.S. § 931.

█ Having concluded that the statute is constitutional and denies neither substantive nor procedural due process,

we now examine the effect of this conclusion on the case before us. In this particular case, at the time the temporary judgments were entered, there was nothing of record to indicate that the alleged employer was not in fact appellee's decedent's employer. Therefore, § 931 was applicable, and, on the face of the record, it was appropriate to enter the judgments. Because a judgment should be stricken only when there is a fatal defect on the face of the record, *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972), and *Nobel Well Service, Inc. v. Penn Energy, Inc.*, 348 Pa.Super. 267, 502 A.2d 200 (1985), and because in this case, nothing on the face of the record precluded entry of the judgments, we affirm the trial court's order refusing to strike the judgments.

■ However, appellant alternatively requested that the judgments be opened. In support of this request, appellant contends that he was not an employer of the decedent within the terms of the Workmen's Compensation statute. As we have already discussed, it is entirely appropriate for an employer to challenge on the merits, the propriety of the temporary judgment by means of a petition to open. Because the trial court has not addressed the merits of appellant's petition to open, we will remand and direct the trial court to consider it.

■ Finally, we find no merit to appellant's argument that the trial court erred in not awarding him counsel fees. Inasmuch as the statute is constitutional, appellee did not act vexatiously or in bad faith, and therefore, we will affirm that portion of the trial court's order denying appellant's claim for counsel fees.

Those portions of the trial court's orders denying the petition to strike are affirmed; those portions of the trial court's orders denying counsel fees are affirmed. The case is remanded for consideration of appellant's petition to open. Jurisdiction relinquished.