591 A.2d 3

**Thomas HUMMEL, Deceased Patricia Hummel, Widow,**

**v.**

**CONTINENTAL FOREST INDUSTRIES and American Motorist Insurance Company.**

**Appeal of SONOCO FIBRE DRUM, INC., Successor of Continental Forest Industry and its insurer, American Motorists Insurance Company.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided May 3, 1991.

Vatche Kaloustian, Thomas F. McDevitt, P.C., Philadelphia, for appellant.

John R. Badal, Liever, Hyman & Potter, P.C., Reading, for appellee.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

CRAIG, President Judge.

Continental Forest Industries, employer, and American Motorists Insurance Company, AMA, appeal from an order of the Court of Common Pleas of Berks County denying the employer's request to open or strike a default judgment granting benefits to Patricia Ann Hummel Marmarou, claimant. We affirm.

The issue in this case is whether the trial court's dismissal of the employer's petition to open or strike a judgment, for worker compensation due over a stated time period, is an error of law when the Workmen's Compensation Appeal Board granted a supersedeas to the employer, effective as of a date after the time period covered by the judgment, and the employer alleges a subrogation claim.

From the trial court's opinion, we take the following facts. On June 2, 1989, this court reinstated a referee's 1984 decision granting death benefits to the claimant. Af-

ter our order, the employer refused to pay the claimant. On June 21, 1989, the employer filed petitions for modification and supersedeas. On September 5, 1989, the referee denied the employer's petitions. The employer appealed this denial of its petitions to the board. On October 26, 1989, pursuant to § 428 of The Pennsylvania Workmen's Compensation Act (Act),[1] the claimant filed this court's order in the Berks County Court of Common Pleas seeking a default judgment. The common pleas court entered a judgment in favor of the claimant for compensation from April 19, 1979 to October 6, 1989, for death benefits due to the claimant. After this judgment, the employer filed a petition to open or strike the judgment. On April 23, 1990, the trial court denied the employer's petition to open or strike judgment.

The board granted a supersedeas to the employer on November 13, 1990.

The employer now appeals to this court[2] seeking to overturn the trial court's denial of its petition to strike or open the judgment.

The employer's main arguments are that it is not in default because the board granted it a supersedeas, and it has a claim for subrogation.

### 1. Supersedeas

The employer argues that the board's granting of supersedeas on November 13, 1990, voids the trial court's default judgment.

Section 428 of the Act states, in part:

Whenever the employer, who has accepted and complied with the provisions of section 305, shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 921.

2. A petition to open or strike a judgment is an appeal to the equitable powers of the court and without a manifest abuse of discretion or error of law, it will not be disturbed on appeal. *Bittenbender v. SEPTA,* 362 Pa.Superior Ct. 243, 523 A.2d 1173 (1987), *allocatur denied,* 517 Pa. 602, 536 A.2d 1327 (1987).

may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas . of any county....

Because the employer failed to pay the claimant within 30 days after our order of June 2, 1989, the board's order granting a supersedeas eighteen months after our order reinstating benefits does not upset the trial court's default judgment against the employer. The supersedeas has no retroactive effect; it does not cancel a pre-existing judgment.

In *Jarvis v. Jarvis*, 40 Pa.Commonwealth Ct. 65, 397 A.2d 27 (1979), a claimant filed a judgment against an insurance carrier in the Court of Common Pleas of Philadelphia County. The insurance carrier appealed the judgment; however, the trial court refused to strike or open its judgment. The judgment entered by the court of common pleas stemmed from a referee's order dated May 25, 1976, directing the insurance carrier to pay benefits to the claimant. The insurance company appealed the referee's order and filed a petition for supersedeas with the board. That petition was denied on September 30, 1976. After the trial court refused to strike or open its judgment, the board entered an order exempting the insurance carrier from liability for the payment of benefits. This court, however, refused to strike the trial court's judgment. The court stated:

> Had Phoenix [the insurance carrier] paid the award as the Act requires it to do and then sought restitution under section 443 of the Act, there would be no judgment or writ of execution extant. If we strike off the judgment, what will prevent defendants in workmen's compensation cases from following the same procedures as used by Phoenix in order to delay the payment of benefits in every case to claimants when they justly deserve them?

*Jarvis*, 40 Pa.Commonwealth Ct. at 68, 397 A.2d at 29.

Also, this court stated in *MDS Laboratories v. Workmen's Compensation Appeal Board (Muchinski)*, 125 Pa.Commonwealth Ct. 460, 463, 558 A.2d 148, 149 (1989):

[T]he purpose of the 1972 amendment of section 413 of the Act, 77 P.S. § 774, which no longer permits an automatic supersedeas upon the filing of a petition for termination of compensation, was to relieve the employee of the harsh results of an automatic suspension of benefits.

The removal of that burden on the employee, however, correspondingly placed a comparable burden on the employer to continue paying compensation during the litigation.

Therefore, the supersedeas granted by the board does not relieve the employer of its liability to the claimant for payments. The trial court's denial of the employer's petition to strike or open its judgment is not an error of law.

## 2. Subrogation

The employer argues that the trial court's judgment should be set aside because the employer is entitled to a credit or subrogation based on the claimant's settlement with a truck manufacturer. The employer presented its subrogation claim to a referee, who decided on September 5, 1989, that the employer waived this issue because it failed to attend the scheduled modification hearing. The employer appealed that decision, which is now pending before the board.

Thus, the merits of the employer's subrogation claim are before the board and not before this court. Because the employer advances no other argument, we affirm the decision of the trial court denying the employer's petition to open or strike the judgment.

Accordingly, we affirm the decision of the trial court.

## ORDER

NOW, May 3, 1991, the order of the Court of Common Pleas of Berks County, No. 2147–89 J.D., dated April 23, 1990, is affirmed.