## Stoyer v. Sarko

*Donald F. Smith Jr.,* for plaintiff.
*Maurice Dean Stone,* for defendant.

ESHELMAN, *J.,* September 15, 1992—Defendant has appealed from our order entered August 5, 1992, which denied defendant's motion to strike/open judgment. This opinion is in support of our order pursuant to Pa.R.A.P. 1925.

Under date of February 28, 1992, referee Brian G. Eader, a referee with the Workmen's Compensation Bureau in the Pennsylvania Department of Labor and Industry issued a decision finding that the claimant, Robert Stoyer, (the plaintiff herein) was an employee of the defendant, Val Sarko, and that Mr. Stoyer suffered an injury on June 11, 1991, in the course of his employment. The referee ordered that medical expenses be paid by the defendant and that the defendant pay weekly compensation to Mr. Stoyer in the amount of $333.33 per week beginning June 11, 1991, and continuing through the present.

There was no compliance with the order, and on March 24, 1992, judgment was entered in the amount of

$19,029.45, as calculated by the Workmen's Compensation Bureau.

On April 9, 1992, the defendant, Sarko, filed a motion to open/strike judgment to which the plaintiff filed an answer with new matter on April 24, 1992. Defendant's response to the new matter was filed on or about May 13, 1992.

Upon motion of the plaintiff, on June 17, 1992, a rule was issued upon the defendant to either list the motion to open/strike judgment for argument or proceed to take depositions on disputed issues of fact. The defendant chose to list the matter for argument.

In the meantime, the defendant had taken an appeal from the referee's decision to the Workmen's Compensation Appeal Board and that appeal is still pending.

Defendant would have this court believe he is entitled to have the judgment opened simply because he took the position, and continues to do so on appeal, in the workmen's compensation proceeding, that no employment relationship existed between the parties. That is simply not the case.

First, it should be pointed out that defendant has not shown any defect to exist on the face of the record and, thus, that judgment cannot be stricken. *Malakoff v. Zambar Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Nobel Well Service Inc. v. Penn Energy Inc.,* 348 Pa. Super. 267, 502 A.2d 200 (1985).

Secondly, it is observed that the defendant listed the motion for argument without taking depositions. Accordingly, pursuant to Pa.R.C.P. 209, the failure to take depositions after receiving an answer to a petition effectively

resolves any questions of fact in favor of the respondent and therefore eliminates any defenses raised in the petition. *Knights of Columbus Philadelphia Federal Credit Union v. Nicolo,* 246 Pa. Super. 419, 422, 371 A.2d 908, 910 (1977); *Hummel v. Sonoco Fibre Drum Inc.,* 83 Berks L.J. 53 (1990).

It is defendant's position that he is entitled to have the judgment opened because he was not an employer of the plaintiff, and he cites *Forman v. Rutberg,* 369 Pa. Super. 636, 535 A.2d 1115 (1987), in support thereof. However, the decision is not on point.

*Forman* concerned the taking of a "temporary judgment" as permitted by section 428 of the Workmen's Compensation Act, 77 P.S. §931, where the employer is without insurance and the workmen's compensation proceeding has just commenced. It is a method by which the claimant is entitled to protect the priority of his lien even though no execution is permitted until after an award of compensation is made.

Plaintiff did not take advantage of this provision of the Act. Instead, plaintiff waited until after the referee's award was issued and there was non-compliance of it before filing the judgment. It is not a temporary judgment and, thus, *Forman* does not apply. The referee had found that the defendant was the plaintiff's employer, and that decision is binding on this court.

The appeal of the referee's decision does not prevent enforcement of the lien. Section 430(a) of the Act, 77 P.S. §971(a) provides: "The lien of any judgment entered upon any award shall not be divested by any appeal."

In *Jarvin v. Jarvin*, 40 Pa. Commw. 65, 397 A.2d 27 (1979), a judgment had been entered on a referee's order directing the employer to pay workmen's compensation benefits. The referee's decision was appealed by the employer, but in the meantime the Court of Common Pleas denied the employer's motion to strike the judgment. Ultimately, the referee's decision was reversed by the Workmen's Compensation Appeal Board, and that reversal was affirmed by the Commonwealth Court. Nevertheless, on appeal of the denial of the motion to strike the judgment, the Commonwealth Court pointed out that the motion's denial was proper at the time. The court did order that the judgment be vacated but refused to strike it. Of relevance to the case sub judice, the court stated the following:

"While we are not unsympathetic to Phoenix's current jeopardy, we are mindful that they have been the architect of their own dilemma.... If we strike off the judgment, what will prevent defendants in workmen's compensation cases from following the same procedures used by Phoenix in order to delay the payment of benefits in every case to claimants who may justly deserve them? What will be the practical result of our striking off the judgment in the event of a successful appeal to the Supreme Court of Pennsylvania by the claimant from our court's orders and the two appeals we have decided adversely to the claimant? We decline to assume these risks. We feel that there is at least as much prejudice to the claimant as to Phoenix if we act to strike off the judgment." *Jarvin* at 68, 397 A.2d at 29.

Likewise, in the matter before us, the judgment cannot be stricken. The referee has awarded compensation. A

final judgment was entered because of non-compliance with that order. The defendant's appeal does not divest that judgment. The defendant at no time asked for a supersedeas of that order. Accordingly, dismissal of the defendant's petition was proper. Otherwise a deserving claimant is delayed being compensated as required by the Act.