621 A.2d 1244

**Robert STOYER**

v.

**Val SARKO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1993.

Decided March 4, 1993.

Val Sarko, appellant, pro se.

Donald F. Smith, Jr., for appellee.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Val Sarko (Sarko) appeals an order of the Court of Common Pleas of Berks County (trial court) denying his motion to open or strike the judgment entered against him after he failed to pay worker's compensation benefits to Robert Stoyer (Stoyer).

Stoyer filed a claim petition under the Workmen's Compensation Act claiming that while cleaning the basement of an apartment house owned by Sarko, he suffered lacerations and a fractured wrist. Sarko answered, denying that an employer-employee relationship existed between him and Stoyer. After hearings, the referee found that Stoyer was Sarko's employee and that Stoyer had suffered an injury in the course of his

employment with Sarko. The referee ordered Sarko to pay medical expenses and weekly compensation of $333.33 beginning June 11, 1991.

Because Sarko did not comply with the referee's order to pay benefits, on March 25, 1992, the trial court entered a judgment by praecipe for Stoyer in the amount of $19,029.45. Sarko filed a motion to open/strike judgment on April 9, 1992, contending that he had filed an appeal of the referee's decision which should preclude the entry of judgment against him.[1]

By order dated August 5, 1992, the trial court denied Sarko's motion, holding that the filing of an appeal from the referee's decision to the Workmen's Compensation Appeal Board (Board) did not entitle Sarko to have the judgment opened or stricken. Sarko then filed this appeal.[2]

Sarko contends that the trial court should have stricken the judgment against him because he had filed an appeal of the referee's decision.[3] However, pursuant to Section 431 of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 971,[4] a judgment may be entered in a court of common pleas on a worker's compensation award which is on appeal, unless the employer or insurer has applied for a supersedeas. *Kurtz; Jarvis v. Jarvis,* 40 Pa.Commonwealth Ct. 65, 397 A.2d 27 (1979). Only a grant of supersedeas

1. Sarko attempted to argue before the trial court and in his brief to this court the merits of the worker's compensation appeal, essentially, that there was no employment relationship between the parties and that the referee made procedural errors, such as not notifying him of the first hearing.

2. A petition to strike judgment will only be granted where fatal defect appears on the face of the judgment and the petitioner must support his petition with clear and convincing evidence. *Kurtz v. Allied Corporation,* 127 Pa.Commonwealth Ct. 384, 561 A.2d 1294 (1989). On appeal, this court is limited to determining whether the trial court made errors of law or clearly abused its discretion in denying the motion to strike judgment. *Kurtz.*

3. Sarko subsequently appealed to this court the order of the Board affirming the referee, *Sarko v. Workmen's Compensation Appeal Board (Stoyer),* 2701 C.D. 1992.

4. Section 431 of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 971(a), states: "[t]he lien of any judgment entered upon any award shall not be divested by an appeal."

relieves an employer of the continuing obligation to pay benefits. No application for supersedeas has been granted or even made by Sarko at any stage of the worker's compensation proceedings. Therefore, there was no bar to the trial court's entry of judgment against Sarko.

Sarko argues, citing *Forman v. Rutberg,* 369 Pa.Superior Ct. 636, 535 A.2d 1115 (1987), that no judgment can be entered against a party who contests that he is an employer of the claimant within the meaning of the Workmen's Compensation Act. In *Forman,* the trial court entered a "temporary" judgment against an alleged employer based on the claim petition pursuant to Section 429 of the Act, 77 P.S. § 931. Section 429 authorizes the entry of judgment based solely on a claim petition against an employer who is not covered by insurance, pending an award of compensation, so that the judgment lien will have priority if other liens are filed against the employer. Because the alleged "employer" denied that relationship, the Superior Court held that the judgment should be opened because the lien was imposed under Section 429 which specifically applies only to "employers", and without that being determined, there was no basis to enter the lien.[5] *Forman* is inapplicable to this case because the judgment was not temporary; it was requested and entered under Section 431 of the Act rather than Section 429, *after* Stoyer had an award of compensation and Sarko was determined to be the employer. Accordingly, the decision of the trial court denying Sarko's motion to strike the judgment against him is affirmed.

## ORDER

AND NOW, this 4th day of March, 1993, the order of the Court of Common Pleas of Berks County, No. 834–92 J.D., dated August 5, 1992, is affirmed.

5. Although the Superior Court held in *Forman* that Section 429 was constitutional and the entry of temporary judgments denies neither substantive nor procedural due process, the court stated that hearings should be held on petitions to open where the party asserts a meritorious defense challenging the propriety of a temporary judgment. *Forman,* 535 A.2d at 1119.