Robert E. HORNER

v.

C.S. MYERS & SONS, INC. and Great American Insurance Company, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1998.

Decided Dec. 4, 1998.

---

James S. Ehrman, Pittsburgh, for appellants.

Mark A. Givler, Lock Haven, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

C.S. Myers and Sons, Inc. (Employer) and the Great American Insurance Company (collectively, Appellants) appeal from a November 25, 1997 order of the Court of Common Pleas of Clinton County denying their "Motion to Strike/Open Default Judgment."

The factual and procedural background of the appeal is as follows. On February 21, 1996, Robert E. Horner, Sr. (Claimant) injured his leg and foot in the course and scope of his employment with Employer when a sign pole fell on him. Pursuant to an open-ended Agreement for Compensation (Agreement) dated March 13, 1996, between Claimant and the Great American Insurance Company, Employer's workers' compensation insurance carrier, Claimant began to receive temporary total disability benefits in the amount of $263.50 per week.

Claimant returned to work on January 6, 1997, but then stopped working again at the end of January and has not worked since.[1] On January 7, 1997, Appellants unilaterally discontinued paying benefits to Claimant but did not file a Suspension/Termination Petition or request a supersedeas until March 3, 1997. On March 11, 1997, Claimant filed a Petition for Penalties. A Workers' Compensation Judge (WCJ) entered a supersedeas for Employer on June 6, 1997, but the Appellants' Suspension/Termination Petition, and Claimant's Petition for Penalties, are still pending before a WCJ.

On September 4, 1997, Claimant filed a "Praecipe for Judgment for Default of Compensation Payments" against Appellants with the Prothonotary of the Clinton County Court of Common Pleas in the amount of $5,684.07, the sum Claimant maintains he should have received from January 7, 1997, through the date that the WCJ granted Employer's supersedeas, June 6, 1997.[2] Appellants in response filed a "Petition to Strike/Open Default Judgment" on September 15, 1997, in which they allege that they had not received proper notice prior to entry of the default judgment as required by Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) No. 237.1. (Rule 237.1)[3] Appellants also claimed that they did not owe Claimant any outstanding benefits because the supersedeas granted by the WCJ on June 6, 1997, related back to January 7, 1997.

After a hearing on Appellants' Petition to Strike/Open on October 17, 1997, Common Pleas entered an order denying the Petition. This appeal followed.[4]

The issues before this Court on appeal are: (1) whether the notice provisions of Rule 237.1 regarding the entry of a default judgment apply to workers' compensation cases, and (2) whether a supersedeas retroactively discharges an employer's prior obligation to pay benefits, therefore barring entry of a default judgment against the employer.

The first issue raised by Appellants, whether the judgment should have been opened or stricken because they did not receive a Rule 237.1 notice, was previously addressed by this Court in *Kurtz v. Allied Corp.*, 127 Pa.Cmwlth. 384, 561 A.2d 1294 (Pa.Cmwlth.1989). The claimant in *Kurtz* filed a judgment[5] with the prothonotary of a

---

1. The exact date of Claimant's last day of work is unclear from the record. According to Claimant's own testimony from a May 30, 1997 hearing before the Workers' Compensation Judge, Claimant's last day of work was January 28, 1997. However, Appellants, in their brief, cite January 30, 1997, as the appropriate date, while the trial court's opinion acknowledged January 20, 1997, as Claimant's final day of work with Employer.

2. Claimant's praecipe had attached to it as an exhibit a certified copy of the Agreement for Compensation, certified as a true and correct copy by the Pennsylvania Department of Labor and Industry.

3. Rule 237.1 provides in pertinent part:

   . . . .
   (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that

a written notice of intention to file the praecipe was mailed or delivered

   . . . .
   (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to his attorney of record, if any.
   Pa.R.C.P. No. 237.1.

4. A petition to open judgment is an appeal to the equitable powers of the court. Therefore, this Court's standard of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Kurtz v. Allied Corp.*, 127 Pa.Cmwlth. 384, 561 A.2d 1294 (Pa.Cmwlth.1989).

5. The claimant in *Kurtz* actually filed two judgments against his employer, the first of which the Common Pleas Court opened, and the second the Court struck on the grounds that the employer

court of common pleas against his employer for failure to pay compensation, pursuant to Section 428 of the Pennsylvania Worker's Compensation Act (Act),[6] which provides:

> Whenever the employer ... shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement ... as a judgment against the employer or insurer liable under such agreement or award....

77 P.S. §921. The employer responded by filing a petition to open and/or strike the judgment, which the trial court granted based upon the claimant's failure to follow the notice provisions of Rule 237.1. On appeal, we reversed and noted that, while a default judgment under Rule 237.1 "is one where the defendant usually does not appear and either has or takes no opportunity to argue his case," a judgment filed in a worker's compensation case pursuant to Section 428 of the Act is an altogether different proceeding where the parties are represented by counsel at adversarial hearings before a WCJ and have already had an opportunity to present evidence and litigate the issues. Consequently, we held that Rule 237.1 does not apply to a judgment entered in a worker's compensation case pursuant to Section 428 of the Act.

■ In this appeal, Claimant, like the claimant in *Kurtz*, filed a praecipe for judgment pursuant to Section 428 of the Act, which is required when an employer has failed to make compensation payments for thirty days or more. Claimant did not file a default judgment as addressed in Rule 237.1 and therefore was not required to follow the notice provision therein. Furthermore, Claimant here complied with both Section 428 of the Act and with Pa.R.C.P. No. 236(a)(2)[7] by filing a certified copy of the Agreement and a praecipe for judgment with the prothonotary. Accordingly, Claimant did all that was required under our holding in *Kurtz*.

■ The second issue before this Court is whether the trial court erred in refusing to strike or open the default judgment by failing to consider Appellants' "meritorious defenses." (Appellants' Brief at 16.) As a first "defense," Appellants allege that Claimant had fully recovered from his original injury upon his return to work on January 7, 1997, and that Claimant had stopped working in late January because of a new injury. Appellants claim that the March 13, 1996 Agreement does not apply to this new injury, and, accordingly, they do not owe Claimant any benefits, and, therefore, the entry of judgment against them was in error. However, whether Claimant suffered a new injury at the end of January is irrelevant to the issue at hand. Appellants stopped paying benefits to Claimant on January 7, 1997, in violation of the original open-ended Agreement regarding Claimant's original injury. In addition, Appellants failed to follow any of the required procedures to legally terminate the Agreement, such as filing a timely suspension or termination petition or securing a supersedeas or final receipt as required un-

had not received the notice required under Pa. R.C.P. No. 236(a) pertaining to judgments by confession. Although this Court held that the *notice requirements* under Pa.R.C.P. No. 236(a) also did not apply to judgments filed under Section 428 of the Workers' Compensation Act, for the purposes of this appeal we need deal only with Pa.R.C.P. No. 237.1 and the first judgment in *Kurtz*.

**6.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §921.

**7.** Rule 236 provides as follows:

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail at the address stated in the certificate of residence filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order, decree or judgment to each party's attorney of record....

Pa.R.C.P. No. 236.

der Section 413(b) of the Act.[8] In making a unilateral decision to withhold Claimant's benefits, Appellants clearly violated the Act.

■■■ It is well-settled that an employer may not withhold any payment before a supersedeas has been granted. *Cunningham v. W.C.A.B. (Inglis House)*, 156 Pa. Cmwlth. 241, 627 A.2d 218, 222 (Pa. Cmwlth.1993). Appellants waited almost two months after they ceased paying benefits to file a Suspension/Termination Petition and request a supersedeas. Moreover, the mere filing an application for supersedeas is not enough to suspend Appellants' obligation under the Agreement; the employer must continue paying benefits until a supersedeas is ordered. *Crucible, Inc. v. W.C.A.B. (Vinovich)*, 713 A.2d 749 (Pa. Cmwlth.1998). Furthermore, the ultimate grant of a supersedeas does not excuse the employer from its earlier failure to pay benefits while the supersedeas was pending. *Cunningham.* In this case, the supersedeas granted on June 6, 1997, does not relate back to the date that the employer unilaterally ceased paying Claimant's benefits. Therefore, Appellants were liable for benefit payments until June 6, 1997.

■■■ Appellants next argue in their defense that a supersedeas may be applied retroactively to excuse their nonpayment of benefits and therefore may serve as an absolute bar to the entry of a default judgment against them. In support of their argument, Appellants cite to **language** in *Stoyer v. Sarko*, 154 Pa.Cmwlth. 44, 621 A.2d 1244 (Pa. Cmwlth.1993), *petition for allowance of appeal denied*, 536 Pa. 649, 639 A.2d 35 (1994), and *Kurtz* indicating that "[a] judgment may be entered in a court of common pleas on a

workmen's compensation award which is on appeal unless the insurer has applied for a supersedeas." *Stoyer*, 621 A.2d at 1245; *Kurtz*, 561 A.2d at 1297. Appellants argue that, because they had applied for a supersedeas in this case, the trial court erred by entering a default judgment against them. But, in order to be protected from a judgment entered under Section 428, an employer must not only apply for, but also be **granted**, a supersedeas.[9] As we pointed out in *Stoyer*, a grant of supersedeas will relieve an employer only of the **continuing, prospective** obligation to pay benefits. *Stoyer.* It does not erase the employer's obligation to pay benefits during the time period prior to the date the supersedeas is entered. Nor does a supersedeas erase an employer's prior violations of the Act. *Cunningham* ; *M.A. Bruder & Son, Inc. v. W.C.A.B. (Harvey)*, 86 Pa. Cmwlth. 353, 485 A.2d 93 (Pa.Cmwlth.1984). Therefore, the fact that Appellants in this case requested and subsequently were granted a supersedeas does not bar entry of a judgment against them for benefits owed but not paid during the time period **prior** to the grant of the supersedeas. *Cunningham* ; *Bruder.*

■■■ Finally, Appellants argue that the trial court erred in denying the petition to open judgment because the question of whether they are liable for Claimant's benefits is still pending before a WCJ. Appellants reason that, if the WCJ eventually determines that they are not liable for the benefits in question, then Claimant's entry of default judgment would be moot and improper.[10] However, this argument is flawed because it ignores some basic principles of workers' compensation law. First, if we were to ac-

---

**8.** 77 P.S. §774.1.

**9.** Section 430(b) of the Act, 77 P.S. §971.

**10.** In support of their argument that the judgment should be opened, Appellants cite to a Common Pleas case from Bucks County, *Williams v. Castrol, Inc.*, 27 D & C 4th 564 (1993). In *Williams*, the employee filed a default judgment against his employer after the employer filed a Petition to Terminate and/or Modify Benefits 27 days after the employee had returned to work, and not within 15 days, as required by then-existing Section 413(c) of the Act, 77 P.S. §774.2. (Section 413(c) was rewritten in 1996.)

The Common Pleas Court opened the judgment, holding that the issue of whether the employer's delay of 12 days gave rise to a default under Section 428, 77 P.S. §921, should be determined by the workers' compensation authorities. Although it may have been unclear in *Williams* whether the employer's violation came within the scope of Section 428, the language of the Act specifies that Section 428 does apply to cases where, as here, an employer is in default of payments for 30 days or more. Therefore, Appellants' reliance on *Williams* is misplaced, and we do not find the case to be persuasive.

cept Appellants' argument, then we would be forced to disregard their violations of the Act, *i.e.,* the unilateral cessation of Claimant's benefits. Appellants argue that they will ultimately prevail on the merits of the Termination Petition currently pending before the WCJ. However, the fact that the employer subsequently prevails on its petition does not excuse earlier violations of the Act. *Graves v. W.C.A.B. (LaFrance Corp.),* 680 A.2d 49 (Pa.Cmwlth.1996); *Winkelmann v. W.C.A.B. (Estate of O'Neill),* 166 Pa. Cmwlth. 154, 646 A.2d 58 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995). Therefore, regardless of how the WCJ rules on Appellants' Petition to Terminate, Appellants are still liable for Claimant's benefits dating from January 7, 1997, through June 6, 1997, because a supersedeas was not in effect during that time.

The trial court's opinion in this case was absolutely correct that, even if the Appellants should later prevail on the merits of their Termination Petition before the WCJ, the granting of a supersedeas request "cannot erase [the employer's] obligation to pay benefits for the time during which a supersedeas was **not** in effect." (Trial Court's Opinion at 4.) (Emphasis added.) It is clear that Appellants should have continued to pay benefits under the open-ended Agreement until the supersedeas was granted.

Accordingly, the order of the Court of Common Pleas is affirmed.

### ORDER

**NOW,** December 4, 1998, the order of the Court of Common Pleas of Clinton County in the above-captioned matter is hereby affirmed.