**Maria CAMPAGNA,**

v.

**BRANDON KNITWEAR, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.

Decided May 1, 2002.

Ronald Lebovits, Philadelphia, for appellant.

Jonathan J. Bart, Philadelphia, for appellee.

Before SMITH–RIBNER, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Brandon Knitwear, Inc. (Employer) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied its petition to strike and/or open a judgment resulting from a workers' compensation award. We affirm.

Maria Campagna (Claimant) injured her right arm and shoulder in the course and scope of her employment as a seamstress on August 27, 1994, which injury she immediately reported to Employer. In March of 1995, Claimant filed a civil action against Employer in the trial court, alleging negligence, and asserting that pursu-

ant to Section 305(d) of the Pennsylvania Workers' Compensation Act (Act) [1], Employer failed to maintain workers' compensation insurance, thereby entitling Claimant to elect to proceed with her suit at law.

In March of 1996, Claimant filed a claim petition (Petition), seeking workers' compensation benefits under the Act. Employer failed to file an answer to Claimant's Petition, and was thereafter precluded from presenting any evidence in the following proceeding. At the hearing before the Workers' Compensation Judge (WCJ), only Claimant appeared. After the receipt of Claimant's testimony and exhibits, the WCJ granted Claimant's Petition by order and decision dated June 17, 1997. The WCJ awarded to Claimant, in addition to compensation benefits under the Act, costs, attorney fees, and medical expenses. Notwithstanding that award, Employer did not commence making payments to Claimant.

On July 8, 1997, Employer filed an untimely appeal from the WCJ's order to the Workers' Compensation Appeal Board (Board), which quashed said appeal for lack of jurisdiction. Employer then petitioned for review to this Court, which affirmed the order of the Board by decision and order dated May 3, 2001. *See Brandon Knitwear, Inc. v. Workers' Compensation Appeal Board (Campagna)* (Pa. Cmwlth., No. 2839 C.D.2000, filed May 3, 2001), *petition for allowance of appeal denied*, 567 Pa. 746, 788 A.2d 379 (2001).

In November of 1997, Claimant voluntarily withdrew her civil action against Employer.

On February 26, 2001, Claimant filed in the trial court a Praecipe to Enter Judgment on the Claim Petition, seeking judg-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 501. Pursuant to Section 305, an employee is given the option to sue an em-
ployer in tort or pursue a workers' compensation remedy if the employer is uninsured or is not an approved self-insurer.

ment in the total amount of $114,541.21. Claimant filed her Praecipe pursuant to Section 428 of the Act, 77 P.S. § 931, which provides said remedy to a claimant in a case where an employer has failed to make payments required pursuant to a workers' compensation award or agreement. The trial court entered and recorded said judgment, in the amount of $114,541.21, in Philadelphia County on February 26, 2001.

On March 28, 2001, Employer filed a Motion to Strike and/or Open Judgment (Motion to Strike). By order dated May 22, 2001, the trial court denied Employer's Motion to Strike, concluding in part relevant to the instant appeal that Employer's assertions of claims of offset and credit against the judgment entered against Employer are not grounds for the opening or striking of the judgment.

On June 18, 2001, Employer filed in the trial court its notice of appeal, informing the trial court thereby that it intended to appeal the denial of its Motion to Strike to Superior Court. After Employer filed its appeal with Superior Court, Claimant timely filed an answer thereto. On August 17, 2001, Claimant filed a Motion to Quash Employer's appeal (Motion to Quash), arguing that Employer's appeal addresses the merits of the WCJ's underlying award, and that therefore jurisdiction lies solely with the workers' compensation tribunals and with this Court, and that Superior Court is without jurisdiction in this matter. Claimant further argued that the issues in Employer's appeal have previously been decided on the merits by the Board and this Court. Employer thereafter filed an answer to Claimant's Motion to Quash.

By order dated September 12, 2001, Superior Court transferred the instant matter to this Court. By order dated October 25, 2001, this Court consolidated Employer's appeal and Claimant's Motion to Quash for joint disposition on the merits.

■ In reviewing a trial court's denial of a motion to strike or open judgment, this Court is limited to determining whether the trial court made errors of law or clearly abused its discretion. *Stoyer v. Sarko*, 154 Pa.Cmwlth. 44, 621 A.2d 1244 (1993), *petitions for allowance of appeal denied*, 536 Pa. 649, 639 A.2d 35, *and* 537 Pa. 614, 641 A.2d 313 (1994). A motion to strike or open judgment will only be granted where a fatal defect appears on the face of the judgment, and the movant must support his motion with clear and convincing evidence. *Id.*

■ In the instant appeal, Employer presents one issue[2] for our review: whether the trial court erred as a matter of law or abused its discretion in failing to strike or open the judgment at issue due to Employer's assertions that certain offsets and/or credits are due to it that are not reflected in the amount of the judgment.[3] Specifically, Employer argues that it is entitled to be subrogated out of amounts that Claimant received from a third party tortfeasor, is entitled to a credit for unemployment compensation received by Claimant, is entitled to a credit for amounts paid by Employer to Claimant directly and in lieu of compensation, and is entitled to a credit for Claimant's voluntary withdrawal from the workforce.

Employer's Motion to Strike, and subsequent appeal to this Court, ignores one of

---

**2.** We deny Claimant's Motion to Quash, based upon Superior Court's transfer of the instant matter to this Court, and based upon the issue raised in Employer's appeal and our disposition thereof.

**3.** We note that Employer has not argued that the judgment is inaccurate in any way except for its exclusion of Employer's asserted credits and/or offsets.

the primary purposes behind the judgment entry remedy supplied by Section 428 of the Act: to provide recourse for a situation where an employer has been found liable to pay benefits to a claimant, but does not. As we have previously stated in regards to a motion to strike or open a judgment in the context of a workers' compensation award, "if we were to accept [Employer's argument to address the merits of the underlying award], then we would be forced to disregard their violations of the Act, i.e., the unilateral cessation of Claimant's benefits." *Horner v.C.S. Myers & Sons, Inc.*, 721 A.2d 394, 398 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied*, 559 Pa. 682, 739 A.2d 545 (1999)(holding that trial court did not err in denying petition to strike or open default judgment where question of employer's liability for claimant's benefits was still pending on employer's termination petition, due to validity of WCJ's original award of benefits under which employer was required to pay, but failed to do so). *Horner*'s reasoning is especially applicable to the instant case, where Employer has not merely ceased paying benefits to Claimant, but has never actually begun to pay Claimant as ordered by the WCJ.

■ It is undisputed that Employer chose not to answer Claimant's initial claim petition in this matter, and that the WCJ thereafter granted that Petition and awarded Claimant compensation. Employer subsequently chose not to timely appeal that WCJ award to the Board.

Employer also chose not to pay said award, and Claimant sought her remedy therefor under Section 428 of the Act. The merits of Claimant's award, including the application of any credits or offsets thereto that could have been argued by Employer, were properly decided in the proceedings before the WCJ addressing the merits of Claimant's Petition. We will not now entertain defenses to Claimant's Petition that should have been presented by Employer before the WCJ.[4] *Accord Kurtz* (Collateral attack on a WCJ's award, via petition to strike or open judgment alleging that the judgment failed to account for credits due to employer, will not be allowed where employer chose not to appeal the WCJ's decision, and where Employer has subsequently failed to pay pursuant to claimant's award).

Accordingly, the order of the trial court is affirmed.[5]

### *ORDER*

AND NOW, this 1st day of *May*, 2002, the order of the Court of Common Pleas of Philadelphia County, dated May 22, 2001, at No. 3075, February Term, 2001, is affirmed. Claimant Maria Campagna's motion to quash appeal, and request for an award of attorney's fees and delay damages pursuant to Pa.R.A.P. 2744, are denied.

**4.** We emphasize that Employer has never commenced any proceedings before the WCJ to present its argument that it is entitled to offsets or credits towards Claimant's award.

**5.** Claimant has also requested from this Court an award of legal fees and delay damages pursuant to Pa.R.A.P. 2744, alleging that Employer's instant appeal is wholly frivolous. We do not agree that Employer's instant appeal is wholly frivolous, and therefore deny Claimant's request. Although Claimant has requested fees and damages for a frivolous appeal, Claimant's argument thereon included assertions regarding Employer's failure to timely pay pursuant to the WCJ's original award. We emphasize that our instant denial of Claimant's request for fees and damages under Pa.R.A.P. 2744 does not address the issue of whether Employer may be assessed penalties under the Act for its failure to pay under the WCJ's original award.