Khalil Hammond,                          :
                    Appellant            :
                                         :
          v.                             :
                                         :
Robert Michael Krak, D.M.D.,             :
Superintendent Louis Folino,             :
Secretary John E. Wetzel, Dorina         :   No. 605 C.D. 2019
Varner and John or Jane Does #1-3        :   Submitted: February 7, 2020


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: April 22, 2020


Khalil Hammond (Hammond) appeals pro se from the Greene County Common Pleas Court's (trial court) April 11, 2019 order denying Hammond's Motion to Void Judgment for Lack of Subject Matter Jurisdiction (Motion). The sole issue before this Court is whether the trial court properly denied Hammond's Motion. After review, we affirm.

Hammond is currently an inmate at the State Correctional Institution (SCI) at Houtzdale. Hammond was an inmate at SCI-Frackville on May 13, 2015, when he filed a complaint against Robert Michael Krak, D.M.D., Department of Corrections (DOC) Superintendent Louis Folino, DOC Secretary John E. Wetzel, and Dorina Varner (collectively, Defendants), asserting state tort claims of medical negligence and intentional infliction of emotional distress, and federal civil rights claims pursuant to Section 1983 of United States Code (Section 1983), 42 U.S.C. § 1983, relating to his dental care during his confinement in SCI-Frackville

(Complaint).  On July 10, 2015, Defendants filed preliminary objections in the nature of a demurrer (Preliminary Objections) raising the following: (1) improper service; (2) failure to state a violation of the Eighth Amendment of the United States Constitution; (3) failure to state a violation of the First Amendment of the United States Constitution; (4) failure to state a procedural due process claim under the Fourteenth Amendment of the United States Constitution; (5) failure to adequately allege personal involvement of any named defendant; and (6) failure to set forth any tort claims falling within an enumerated exception to sovereign immunity.

On July 20, 2015, the trial court sustained Defendants' Preliminary Objections and dismissed the Complaint with prejudice (2015 Judgment).  On September 23, 2015, Hammond filed an untimely appeal from the trial court's July 20, 2015 order, and on October 9, 2015, this Court quashed the appeal.  On April 4, 2019, Hammond filed the Motion arguing that the trial court lacked subject matter jurisdiction when it sustained Defendants' Preliminary Objections in 2015 because the Complaint raised federal constitutional claims under Section 1983.  On April 11, 2019, the trial court denied Hammond's Motion because "the case ha[d] been litigated and resolved in favor of [Defendants][.]"  Trial Ct. April 11, 2019 Order. Hammond appealed to this Court.[1]  On February 18, 2020, Hammond filed an application for oral argument.

Initially, the Pennsylvania Superior Court has explained:

'Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final].'

---

[1] In reviewing the trial court's order denying the Motion, "this Court is limited to determining whether the trial court made errors of law or clearly abused its discretion." *Campagna v. Brandon Knitwear, Inc.*, 797 A.2d 405, 407 (Pa. Cmwlth. 2002).

> *Simpson v. Allstate Ins. Co.*, . . . 504 A.2d 335, 337 ([Pa. Super.] 1986) (citations omitted) . . . .

> > Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance 'so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court.'

> *Simpson*, . . . 504 A.2d at 337[] (citations omitted) . . . .

*Shelly Enters., Inc. v. Guadagnini*, 20 A.3d 491, 493-94 (Pa. Super. 2011) (footnote and emphasis omitted) (quoting *Orie v. Stone*, 601 A.2d 1268, 1270 (Pa. Super. 1992), *appeal dismissed as improvidently granted*, 622 A.2d 286 (Pa. 1993)). A final "order can be opened or vacated [] upon a showing of . . . lack of jurisdiction over the subject matter[.]" *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997).

Here, Hammond asserts that the trial court did not have subject matter jurisdiction to enter the 2015 Judgment, thus, the trial court could not dismiss the Motion on the sole basis that it was a final order. Accordingly, this Court will examine the Motion's merits.[2]

Hammond argues that the trial court did not have subject matter jurisdiction to grant the 2015 Judgment because the Complaint contained federal claims. Defendants rejoin that because state courts have concurrent jurisdiction over Section 1983 claims, Hammond has not presented any basis for vacating the 2015 Judgment.

---

[2] "[T]his Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which [the trial court] based its decision." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 n.3 (Pa. Cmwlth. 2018).

It is well-settled law that

> common pleas courts have subject matter jurisdiction 'over tort actions for money damages that are premised on either common law trespass or a civil action for deprivation of civil rights under [Section 1983].' *Miles* [*v. Beard*], 847 A.2d [161,] 164 [(Pa. Cmwlth. 2004)]. Further, where the core of the complaint is a tort action, original jurisdiction lies in common pleas court regardless of an ancillary request for declaratory relief.

*Wilson v. Marrow*, 917 A.2d 357, 362 (Pa. Cmwlth. 2007).

> Here, Hammond's Complaint provided:

> [**Hammond**] **brings this civil rights action for** declaratory, injunctive and **monetary relief** for violations of his rights under [the] Eighth, Fourteenth and [F]irst Amendments of the United States Constitution, pursuant to [Section 1983]. [**Hammond**] **also brings state law claims** of [m]edical [n]egligence, and [i]ntentional infliction of emotional distress, and conspiracy.

Complaint at 1 (emphasis added); *see also* Complaint at 18 (Count IX Intentional Infliction of Emotional Distress), 19 (Count X Intentional Infliction of Emotional Distress, Count XI Negligence), 20 (Count XII Conspiracy), 22 (Relief Sought). Because Hammond's Complaint contained a "tort action[] for money damages . . . premised on . . . a civil action for deprivation of civil rights under [Section 1983][,]" the trial court had subject matter jurisdiction to sustain Defendants' Preliminary Objections and dismiss the Complaint. *Wilson*, 917 A.2d at 362. Accordingly, the trial court properly dismissed the Motion.

For all of the above reasons, the trial court's order is affirmed.[3]

_____
ANNE E. COVEY, Judge

---

[3] Hammond's application for oral argument is dismissed as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Hammond,                                   :
               Appellant        :
                                :
            v.                     :
                                :
Robert Michael Krak, D.M.D.,                      :
Superintendent Louis Folino,                      :
Secretary John E. Wetzel, Dorina                  :    No. 605 C.D. 2019
Varner and John or Jane Does #1-3                 :

# O R D E R

AND NOW, this 22nd day of April, 2020, the Greene County Common Pleas Court's April 11, 2019 order is affirmed. Khalil Hammond's application for oral argument is dismissed as moot.

_____
ANNE E. COVEY, Judge